## WALKER and Others *v.* HALLOCK and Others.

COMMON COUNCIL.—*Liability of Members for Official Acts.*—The members of the common council of a city are not individually liable in a civil suit for acts done by them as such in the exercise of a judicial discretion confided to them by law, unless they act corruptly.

APPEAL from the Vanderburgh Common Pleas.

This was an action by the owners and the tenants of owners of lots fronting on a street in which is situated a market-house, against the individuals composing the mayor and common council of the city of Evansville, charging that the market-house is a nuisance, and seeking to recover damages for its maintenance and to enjoin the defendants from longer maintaining it.

The complaint charges, in substance, that the owners of the property in that part of the city in which the market house is situated, in the year 1817, duly platted said property and laid off a street known as Fourth street, which extends from Main street to Chestnut street, crossing Locust street and Walnut street; that said Fourth street was originally laid off, and became duly dedicated to the public use, sixty feet wide, and the lots abutting upon the same were all sold with reference to a street of that width; that the authorities of Evansville, then a town, kept and maintained said street as a highway and public street thenceforth; that the city authorities widened said street to the width of one hundred feet, and erected a market-house in the middle thereof, between Locust and Walnut streets, for the exhibition of meats and vegetables; that the plaintiffs and others, for whom they sue, are the owners and occupants of the lots numbered from one hundred and eighty-five to two hundred, inclusive, upon a plat which is made an exhibit of the complaint, embracing the property on each side of the market-house; that the market-house is built upon brick pillars, and the interstices are in part boarded up and in part filled with gates; that these gates are closed, except for a small part of each day for three

days in each week, and therefore the street, for three hundred feet, cannot be crossed, except occasionally, without going around the market-house; that there is a sidewalk between the fronts of the lots and the market-house, and that between said sidewalk and the market-house there is not sufficient room for teams to turn round; that the space between the market-house and the sidewalk is obstructed with wagons during market hours, so as to prevent travel along the street at such time; that the defendants, exercising the power of the city corporation under its charter, have, for the last six months, for certain hire and reward paid to the city, permitted the market-house and street to be used for the exhibition and sale of meats and vegetables; that the use of the market-house and street for such purpose is injurious to the property owners, the plaintiffs and others, in causing improper persons to congregate about the premises; in exposing the adjoining property to additional risk from fire; in producing noise in the night-time, to the disturbance of the neighborhood; in causing unpleasant effluvia from the presence of horses about the market; in inducing the occupancy of the premises for low drinking saloons, and, consequently, in preventing the occupancy of the premises near the market-house for the better class of business; and that thereby the value of the property adjacent to the market-house is greatly deteriorated.

The complaint also sets out, as a part thereof, an instrument in writing, referred to in the complaint as "Exhibit A," which is denominated a license, as follows:

"To the common council of the city of Evansville: The undersigned, being two-thirds in number of all the owners of the lots and parts of lots fronting on Fourth street of said city, between Locust and Walnut streets (being the lots and parts of lots on both sides of said street where the meat and vegetable market is situated), respectfully petition the council to rescind the order for the removal of said market-house, passed by the council on the 23d day of April, 1866. And we do hereby consent and agree that said mar-

ket-house may remain as at present located; that it may be maintained and occupied as a meat and vegetable market, in such proportions for each as the common council, from time to time, may deem proper. And we do hereby certify and declare that our written consent is given for the purpose of legalizing said market-house, agreeable to the provisions of the second section of an act of the General Assembly of the State of Indiana, approved March 7th, 1857, entitled 'an act to prevent market-houses from being built upon the streets of towns and cities, without the consent of two-thirds of the owners of lots on such streets, and to authorize the removal of the same.'"

This instrument is signed by J. Nichtern and twelve others, giving the lots or parts of lots and the number of feet front owned by each.

The complaint alleges, that this license was revoked by the plaintiff Hallock, by an instrument in writing, which is also set out as an exhibit to the complaint, as follows:

"To the common council of the city of Evansville: Myself and others have, for a long time, been endeavoring to get you to remove the market-house from Fourth street, between Locust and Walnut streets, and, to induce you to do so, have been before you repeatedly. Now, I wish to say that if it is not removed by your order in a very short time, I will take measures to compel you to cause it to be removed. Its continuance involves a sacrifice on my part that the public has no right to demand. Respectfully submitted.                          ALLEN C. HALLOCK,

"Nov. 5th, 1868.          By James G. Jones, Attorney."

It is also alleged by the complaint, that the order of the common council which it was sought to rescind by the giving of the alleged license was not rescinded, but remained in force; that the plaintiffs had notified the defendants, by parol, of their intention to revoke the license, and that the same had been revoked by a change of ownership by conveyance after giving the license and before suit.

The complaint alleges damages, and prays judgment for one hundred dollars; that the defendants be enjoined from maintaining said market-house, and required to remove it from the street; and for other proper relief.

The defendants answered, in substance, that they have maintained said market-house in their official capacity as the mayor and common council of the city of Evansville, and not otherwise; that said market-house is situated in the center of said street, and there is on each side thereof a space of thirty feet between said market-house and the sidewalk, leaving sufficient room for all travel along said street; that said market-house has been used as a market place for the inhabitants of the city, and managed by a market master in the most quiet and orderly manner; that in 1866, the common council entered an order for the removal of said market-house, whereupon the owners of more than two-thirds of the property fronting upon said market (including the plaintiffs Hallock and Stoddard, then owners of the property now owned by them, as well as that now owned by plaintiffs Hopkins, Benighof, and Vickery, then the owners of the premises now occupied by plaintiffs Mann and Vaughan), in consideration that the common council would desist from removing said market-house, and would keep and use the same as heretofore, and would pave Fourth street from Walnut to Locust without charge to them, executed and delivered a written instrument, of which a copy is filed, being the same as said "exhibit A," made a part of the complaint, which written instrument was received and approved by the common council; and thereupon, at the expense of the city—amounting to five thousand dollars—and without charge to the plaintiffs, and in consideration of said written consent, the common council paved the street between the property of the plaintiffs and the market-house.

To this answer a demurrer was sustained, and the defendants excepted. The defendants failing to answer further, judgment was rendered in favor of the plaintiffs for one

cent each, and for the removal of the market house, and enjoining its maintenance; to all which the defendants excepted.

The defendants appeal, assigning for error, first, sustaining the demurrer to the answer; second, the failure to sustain said demurrer to the complaint; and third, the rendition of final judgment against the defendants.

FRAZER, C. J.—The only question which need be decided in order to determine this case is, whether the complaint was sufficient in the facts therein alleged.

In *Baker* v. *The State*, 27 Ind. 485, which was, however, a criminal case, based upon facts similar to those alleged in this complaint, we declared broadly, that, unless he acted corruptly, a councilman was not, in such a case, individually liable, either civilly or criminally. That proposition is not questioned here; indeed, the appellees say nothing in this court. We are quite satisfied with the application of the doctrine to a civil case, and are not aware that there is any case in the books holding the contrary.

The duty imposed upon the common council by the act of March 7th, 1857 (Acts 1857, p. 96), involved the exercise of discretion and judgment. Whether or not two-thirds of the owners of adjacent lots had consented to the continuance of the market-house, was a question to be decided by the council. It was a judicial question; and whenever decision was invoked upon it, the officer acting and having jurisdiction to act would be as fully protected from personal responsibility for his decision as any judge of this court would be in deciding this or any other cause. The complaint shows this judgment invoked by the presentation of the written paper marked "Exhibit A." The continued maintenance of the market-house after that, alleged in the complaint, was lawful, if that paper was sufficient to justify such continuance of the market-house; and whether it was sufficient or not, was a judicial question. Whether any of the parties executing that paper could subsequently revoke

its effect, was a similar question. It would be a doctrine fraught with consequences of incalculable mischief, if a public officer could be held personally responsible, either civilly or criminally, for his judgment upon such questions. See *Weaver v. Devendorf*, 3 Denio, 117, and the authorities there cited. It is the city, and not the officer, that must be held responsible for the injury, if any has been done, which involves responsibility.

Judgment reversed; cause remanded, with directions to sustain the demurrer to the complaint.

*A. Iglehart* and *C. Denby*, for appellants.