The opinion of the court was delivered by
DeBlanc, J.
In January 1877, Thomas P. Parrar was appointed, by the Governor of the State, as district attorney pro tempore, of the parish of Tensas. In February he took the oath of office, and — on the 26th of that month — presented, in the parish court, his commission and the oath which he had taken. In doing so, he remarked — as testified to by one of defendant’s witnesses and denied by Mr. Farrar — that he did not expect to be recognized by the court at that time, but wished hiis commission spread upon the minutes so as not to lose his legal rights. H. A. Garrett was then acting, and — until June — continued to act as district attorney pro tempore of the parish of Tensas.
Defendant, who had been absent from, returned to that locality on the 29th of March, and — the day after his arrival — was waited on by Colonel Reeves, who submitted — for his approval and official signature as district attorney — plaintiff’s petition against Garrett, for intrusion into the office, which he himself claimed and to which ,he was entitled.
Defendant — said Colonel Reeves — declined to accede to Mr. Farrar’s request, on the ground that he did not want to interfere with the status quo which then existed; but stated that he would place the matter in such a shape as to settle it at the next term of the district court for the parish of Tensas. He — according to Colonel Reeves’ declaration — spoke very fairly, and did not seem to question the fact that Mr. Farrar had been commissioned as district attorney pro tempore.
Shortly after this conversation, Mr. Steele left for Concordia, to attend the district court. Whilst there, he was again asked, by another friend of plaintiff, to sign the petition for intrusion, and again refused to do it. On the 6th of April, Mr. Farrar filed the present suit, in which he charges that defendant has wilfully and maliciously neglected and omitted to perform his official duties, and — on that account — claims against him, as actual and vindictive damages, the sum of fifteen hundred dollars.
In order to compel defendant to lend him his official assistance, plaintiff had to proceed against him by mandamus. In answer to the rule taken to that effect, he contended that he had been shown but one commission — that of Mr. Garret, and that — if Mr. Farrar held a commission for the same office, it had issued in error and was a nullity.
On the 26th of April, the provisional mandamus was made absolute, and — on the 16th of May — defendant, as district attorney, joined plaintiff in a suit against Mr. Garrett for the office in dispute. That suit was, on the 23d of June, finally decided in favor of plaintiff, who — in September — brought an action against his competitor, and obtained, against *642 him, a judgment for the emoluments diverted by the intrusion, and — in October — brought another action against the parish of Tensas for the fees due him as district attorney pro tempore, from the day he had qualified in that capacity.
The Attorney General and district attorneys are classed — by the constitution of our State — as officers of the judiciary department, and it is evident that — as a general rule — the powers conferred upon them are not purely ministerial. Their discretion is limited; but that — as a necessity — they do possess a discretion, is indisputable. In nearly every instance, they alone determine when, how and who to prosecute or sue in the name of the State.
Const, of 1868, art.. 92, 94 — Rev. St. from sec. 1140.
This court has twice held that a district attorney prosecuting on behalf of the State, may enter a nolle prosequi at his discretion, subject only to the right of defendant — after the trial has commenced and evidence given, to insist on the trial. In this respect, neither the court nor the accused has the right to control the attorney of the State. 6 R. 63; 8 R. 583.
“ When duties which are purely ministerial, are cast upon officers ■whose chief functions are judicial, and the ministerial duty is violated, the officer, although for most purposes a judge, is still civilly responsible for such misconduct, when it is shown that his decisions were not only erroneous, but that he acted from a spirit of wilfulness, corruption and malice.”
44 Mo. 491 — 32 Ind. 239 — 6 W. Ya. 486 — 20 Am. Rep. 431.
The law provides that “ when any person shall usurp, intrude into or unlawfully hold or exercise any public office or franchise within this State, it is made the duty of the district attorney or district attorney pro tempore of the parish in which the ease arises, and for the parish of Orleans of the Attorney General, to bring an action against the offending party or parties, zuhen so required to do.”
Rev. St. see. 1150,1151.
“ Whenever such an action shall be brought against a person for usurping or intruding into a public office, the district attorney or district attorney pro tempore, or the Attorney General — as the case may be — in addition to the statement of the cause of action — may set forth in the complaint the name of the person rightfully entitled to the office, with a statement of his right thereto; and, in such case, on proof that the defendant has received fees or emoluments belonging to said office, an order may be granted by a judge of a competent court for the arrest of said defendant,” etc.
Rev. St. sec. 1154.
Do these provisions impose, upon the State officers, a purely minis *643 terial duty ? When they are so required to do, it is made their duty to bring an action against the offending party or parties. To comply with this imperative instruction, how must they proceed, who must they join, when the application comes from both of the rival pretenders ? Is their discretion so completely superseded," that they can not — even'for the purpose of determining whom to join — ascertain who appears to be the offending party or parties. If so, what must they do, when the two applications are simultaneously presented ?
When, and under what circumstances are the State officers commanded to interfere ? When any public office has been usurped, intruded into or is unlawfully held. Unless and until they are satisfied— not only that the law has been violated — but by whom it was violated, they cannot know who is the offending party and against whom to bring the action. Must they interfere at the request of any claimant, though they may have every reason to believe that the claimant is himself attempting to intrude into the disputed office, and though honestly ■convinced that the party alleged to be the usurper is entitled to and lawfully holds the office ? We believe not.
By the letter of the law, the Attorney General and district attorneys are expressly authorized to set forth, in the complaint, the name of the person rightfully entitled to the office, and — in order to comply with that provision of the law — they must necessarily have and exercise some discretion. Otherwise, how could they discover and set forth who is or is not rightfully entitled to the office ? This leads to the conclusion that —though the State attorneys are bound to join one of the contestants, they cannot be compelled to join that of the contestant wlm — in their opinion — is the offending party.
The Supreme Court of New York held that “where, under the law, the Attorney General is empowered to determine in what cases proceedings by information in the nature of a quo ivarranto shall be instituted to try the title to any public office or franchise, he is regarded as vested with a discretion, the exercise of which is in its nature a judicial act, over which the courts have no control.” Here, the power conferred on the State attorneys is not as broad: they cannot legally decline to institute proceedings to try the right to an office; but it is within their discretion to determine in whose name the action shall be brought. The ministerial and imperative duty imposed upon them is — when they are ■so required — to bring the action without the least unnecessary delay, and it matters not — in such an action — whether the applicant be a plaintiff or a defendant. His interest and his rights are that it be promptly instituted, promptly tried and promptly decided. He could gain no advantage by appearing as a plaintiff, nor could he lose any by being a defendant.
*644 To test the right to the contested office;, the district attorney proposed to join Mr. Garrett in a suit against plaintiff, under the intrusion .act; his proposition was not accepted. As to his motives in refusing his official assistance to Mr. Earrar, who had been regularly appointed and who — soon after — was judicially recognized as the district attorney pro tempore of the parish of Tensas, we cannot inquire. He has not exceeded the bounds of his discretion and is not liable in damages.
It is — therefore—ordered, adjudged and decreed that the judgment appealed from is affirmed with costs.