COLE v. KEGLER ET AL.

1. **Cities and Towns**: POWERS OF IN RELATION TO NUISANCES: LIABILITY FOR EXCESS OF AUTHORITY: REMEDIES. Cities and towns have the power to abate nuisances; (Code, § 456;) but the nuisance must in fact exist; and if the thing abated be not a nuisance, the declaration of the city council that it is does not make it so, and is not conclusive upon the owner of the property interfered with; but he may either test the validity of the action of the council by *certiorari*, or he may have a determination of the same question in an action against the city and its officers for damages sustained. See authorities cited in opinion.

*Appeal from Jackson District Court.*

SATURDAY, JUNE 7.

THIS action is against the town of Bellevue, the individuals composing the town council, and others, and the petition states that the defendants unlawfully entered certain premises, and with force and violence pulled down and destroyed a dwelling house, the property of the plaintiff. The defendants justified under a resolution of the town council, declaring the building a nuisance, and ordering its abatement by the destruction of the house. Trial by jury, judgment for the defendants, and the plaintiff appeals.

*D. A. Wynkoop* and *L. A. Ellis*, for appellant.

*S. S. Sampson* and *Fouke & Lyon*, for appellees.

SEEVERS, J.—I. The dwelling house in question was situated within the corporate limits of the town of Bellevue, and on the second day of April, 1880, the town council passed the following resolution: "Be it resolved by the town coun-

cil of the town of Bellevue, that upon investigation we find the old cement house on second street, situated on lot 121, dangerous to the public, and that we therefore declare it a nuisance, and order its removal, and hereby order a notice to be served by the marshal on the owner, Eli Cole, to remove said house within ten days from such notice; and, if said owner shall fail to remove said house in said stated time, the town council will remove it at the expense of said owner, and such expense shall be taxed to said lot No. 121."

The plaintiff had no notice or knowledge of the foregoing proceedings of the council, but, after the passage of the resolution, the notice therein contemplated was served on him. The plaintiff failed to remove the house, and afterwards, on April 27th, 1880, another notice was served on the plaintiff, similar to the foregoing, except that he was requested to remove the building within forty-eight hours. The plaintiff failed to comply with this notice, and there was evidence tending to prove that the house was torn down by some of the defendants, who claimed to be acting under the resolution of the town council. The court instructed the jury as follows:

" 4th. Under the law and the conceded facts in this case, the said council had, at least so far as any question can be raised in this suit, the right to pass said resolution, and the individual members of the council passing it cannot be made liable by reason of any acts done under or by virtue of it, and this resolution and authority of the council is also justification to the other defendants, who acted under and by virtue of it, so long as they so acted; but, if they exceeded this authority, and did more than was authorized by it, or more than was essential or necessary to carry it out and abate the nuisance condemned by it, they, or either of them that so did are liable for the damage so done in excess of such authority or necessity, and in this event the measure of damages (no vindictive damages being insisted upon) would be the cash value of the property so destroyed, at the time and place of its destruction, with interest to this time."

It is provided by statute that cities and towns have the "power to prevent injury or annoyance from anything dangerous, offensive or unhealthy, and to cause any nuisance to be abated." Code § 456. The court seems to have been of the opinion that under this statute the council not only had the power to declare what constituted a nuisance, but that, where it did so determine, such determination was final and conclusive, and justified the destruction of the house, unless the authority conferred by the resolution of the council had been exceeded by the persons acting under it. We are required to determine whether this construction of the statute is correct. Under the instruction given by the court, it is immaterial whether the house in fact was a nuisance. The resolution of the council made it a nuisance, and this ended all inquiry, as the court thought.

The building was adjudged a nuisance without the knowledge of the plaintiff, and he had no opportunity to be heard. No notice to him is required by the statute, and he has no right to appeal or be heard, unless he can have the opportunity in this action of having the question determined whether his house was a nuisance or not. His property has been destroyed, but he is remediless, if the instruction above quoted is in accordance with the law of the land.

The power to abate implies that there is or may be in existence something to be abated. A nuisance must exist before it can be abated. The power conferred, therefore, authorizes cities and towns to abate an existing thing. No express power is given to declare that a nuisance exists, nor do we think that it can or should necessarily be implied. The council may abate all nuisances, but this does not imply that it can determine what constitutes a nuisance as an existing thing, for the reason that the nuisance must in fact exist. If it does, then it may be abated. If it does not, the council has no power to declare it, or, in other words, create, and then proceed to abate. We do not think the general assembly intended to confer on cities and towns the power to finally and

conclusively determine, without notice or a hearing, and without the right of appeal, that any given thing constitutes a nuisance, unless, probably, in cases of great emergency, so strong as to justify extraordinary measures upon the ground of paramount necessity.   The law does not contemplate such an exigency, and therefore does not provide for it.   If it did, it would no longer be the undefined law of necessity.   NEL-SON, J., in *The People v. The Corporation of Albany*, 11 Wend., 539.

Nuisances may be abated by an individual, but they must in fact exist.   The determination of the individual that a nuisance exists does not make it so, and if he destroys property on the ground that it is a nuisance, he is responsible, unless it is established that the property destroyed constituted a nuisance.   This precise power, and no more, is conferred by the statute on cities and towns.   In Wood on Nuisances, section 740, it is said:   "If the authorities of a city abate a nuisance under authority of an ordinance of the city, they are subject to the same perils and liabilities as an individual, if the thing in fact is not a nuisance."   See, also, *Clark v. Mayor*, 13 Barb., 32; *Welch v. Stowell*, 2 Doug., (Mich.,) 332; *Underwood v. Green*, 42 N. Y., 140; *Yates v. Milwaukee*, 10 Wall., 497; *Haskell v. New Bedford*, 108 Mass., 208; *Wreford v. The People*, 14 Mich., 41; *Everett v. Council Bluffs*, 46 Iowa, 66; and *City of Salem v. Eastern R. R. Co.*, 98 Mass., 431.

The last case was an action brought to recover the expense of removing an allged nuisance, caused by the defendant, who had no opportunity to be heard as to the question whether a nuisance in fact existed, and it was held that the defendant was not concluded by the findings and adjudications of the corporate authorities, but could contest all the facts upon which its liability depended.   Cities and towns may undoubtedly define and by ordinance declare what shall constitute a nuisance, and their legislative discretion in this respect cannot be controlled.   If a nuisance is created or erected after

the passage of the ordinance, and it is therein provided that it may be abated, we are not prepared to say that this may not be done, or the person erecting the nuisance punished as prescribed in the ordinance. Ordinarily, before property is destroyed on the ground that it is a nuisance, the owner should have the opportunity to be heard in some manner in accordance with the usual forms prescribed by law; and this is true where the property has been summarily destroyed, and he seeks to recover damages sustained by its destruction.

II. Counsel for the defendants insist that the only remedy the plaintiff had was to test the validity of the action of the town council by *certiorari*, and cites *The State v. Roney*, 37 Iowa, 30; *Iske v. City of Newton*, 54 Id., 586; and *Stubenrauch v. Neyenesch*, Id., 567. These cases are clearly distinguishable. It may be conceded that the plaintiff could have thus proceeded, but he was not bound to do so, and, after the destruction of his property, such a proceeding would have been useless. It may be that the plaintiff had two remedies, one by *certiorari*, and the other the one adopted in this case. Both these remedies are legal and not equitable, and he could adopt either.

III. Counsel further claims that the members of the council are not individually liable, because what they did was done in a judicial capacity; ·that is, that the determination of the question as to the existence of the nuisance was of a judicial character. In support of this proposition, *Walker v. Hallock*, 32 Ind., 239; *Baker v. The State*, 27 Id., 485; *Harvey v. Dewoody*, 18 Ark., 252; and *Nolin v. Mayor*, 4 Yerg., 163, are cited. The first two cases grew out of the same facts. The nuisance complained of was the erection or continuance of a market-house, and it was sought to make the members of the city council individually responsible therefor. This is a very different question from the one before us. In the Arkansas case, it was determined that a nuisance in fact existed, and, therefore, responsibility for its abatement did not attach.

The case last cited has no application whatever to the case at bar.

The plaintiff was not damaged by the passage of the ordinance, and he does not claim that he was. His claim is that his property has been unlawfully destroyed. If it was not in fact a nuisance, then no ground for its destruction existed, and the plaintiff has been unlawfully deprived of his property. It would be strange, indeed, if he could not, under such circumstances, recover a just and adequate compensation. *Rounds v. Mansfield*, 38 Me., 586; *Green v. Underwood*, before cited.

We are not called on to determine from whom he may recover, nor must we be understood as intimating whether the house was or was not a nuisance. This was a question for the jury, under proper instructions by the court. We think the court erred in instructing the jury as above stated, and also erred in refusing to instruct in substance as asked in some of the instructions presented by counsel of plaintiff.

REVERSED.