Robert J. WALKER, Appellant,

v.

JOHNSON COUNTY, Iowa, and the Johnson County Board of Health, Appellees.

No. 55814.

Supreme Court of Iowa.

July 3, 1973.

L. Vern Robinson, Iowa City, for appellant.

Carl J. Goetz, Jr., and Patricia C. Kamath, Iowa City, for appellees.

Heard before MOORE, C. J., and MASON, REES, REYNOLDSON and HARRIS, JJ.

REYNOLDSON, Justice.

This case is here because plaintiff property owner (Walker) claims an ordinance of defendant health board (board) violates federal and state constitutional due process clauses. Trial court denied Walker's petition which sought a decree declaring certain sections of the health ordinance unconstitutional and enjoining the board from abating the alleged health nuisance and from prosecuting him for alleged violations of the ordinance. Upon the owner's appeal, we reverse.

Regulation 2 of defendant board defines health nuisance generally as meaning "* * * any act, omission to act or condition which injures or threatens the health and safety of one or more persons * * *." None of the specific nuisances described in the enactment is pertinent here. The board is empowered to investigate, on complaint or on its own initiative, any health nuisance in the county and order its abatement. Any person causing a health nuisance and failing to comply with a board abatement order is guilty of a misdemeanor for each day he fails to comply and shall be punished by a fine not to exceed $100 or by imprisonment not to exceed 30 days for each offense. Upon failure of any person to abate or remove a health nuisance, the board may direct or cause the abatement or removal of the nuisance. All expenses incurred shall be paid by the owner, agent or occupant of the property and shall be a lien upon the property until paid.

Nowhere in the ordinance is there any provision for notice and hearing to determine whether the alleged health nuisance in fact exists.

These parties stipulated the facts in district court. Walker lives with his wife and 15 children on a rural Johnson county property zoned for agriculture. In 1949 he commenced collecting and storing old cars on his premises. By May 23, 1972, there were approximately 35 such vehicles, only three of which were operable. Walker has no permit to operate a junkyard and has never sold used cars.

It was the board's stipulated position that Walker's inoperable automobiles in various stages of disrepair created a health nuisance because young children playing in the area could be injured on them. No such injuries to Walker's children or other children living in the neighborhood have been reported.

March 14, 1972, the board ordered Walker to abate the alleged health nuisance:

"You are hereby ordered to Abate and Remove, on or before May 1, 1972, the Health Nuisances on your property in Section 30 of Pleasant Valley Township Johnson County, Iowa, described and directed as follows: Remove all cars and trucks that are not licensed or operable. If more time is needed, please contact this office."

The sole issue here is simply stated but difficult to solve. Walker contends the ordinance does not provide him with a hearing notice and a hearing to determine whether a health nuisance did in fact exist on his property and therefore unconstitutionally deprives him of due process. The

board asserts its health ordinance, enacted under chapter 137, The Code, is a proper exercise of the state's police powers and does not arbitrarily deny due process.

■ I. The tension created when concepts of police power and due process collide is not new in our law. See Cole v. Kegler, 64 Iowa 59, 19 N.W. 843 (1884). Where police power is properly exercised in limited situations it is well settled affected property owners are not entitled to prior notice and hearing, even where total destruction of the property is required to protect public health and public property. See, e. g., Adams v. Milwaukee, 228 U.S. 572, 33 S.Ct. 610, 57 L.Ed. 971 (1913); North American Cold Storage Co. v. Chicago, 211 U.S. 306, 29 S.Ct. 101, 53 L.Ed. 195 (1908); Peverill v. Board of Sup'rs of Black Hawk County, 208 Iowa 94, 222 N.W. 535 (1928); Fevold v. Board of Sup'rs, 202 Iowa 1019, 210 N.W. 139 (1926); Waud v. Crawford, 160 Iowa 432, 141 N.W. 1041 (1913); 58 Am.Jur.2d, Nuisances § 197, pp. 795–96.

Narrowing the focus specifically to nuisance, summary abatement is ordinarily permissible only when foundationed on emergency circumstances. Jarvis v. Mayor & City Council of Baltimore, 248 Md. 528, 237 A.2d 446 (1968); Village of Zumbrota v. Johnson, 280 Minn. 390, 161 N.W.2d 626 (1968); Stockwell v. State, 110 Tex. 550, 221 S.W. 932 (1920); Thain v. City of Palo Alto, 207 Cal.App.2d 173, 24 Cal.Rptr. 515 (1962). Mere public convenience or expediency will never justify denial of an individual's constitutional right to due process. Bowden v. Davis, 205 Or. 421, 289 P.2d 1100 (1955).

Still another rationale is rooted in the exigent situation but speaks in terms of unquestionable health or safety nuisance (thereby being per se immediately detrimental):

"[A] property owner is entitled to due process of law. Except as to those things which are by common law or statute law declared to be nuisances per se, or which are in their very nature palpably and indisputedly such, public authorities who have been given the power to abate nuisances have no legal right summarily to compel the abatement of a particular thing or act as a nuisance without reasonable notice to the person alleged to be maintaining or doing the same, of the time and place for hearing and determining whether such thing or act does in law constitute a nuisance."

—58 Am.Jur.2d, Nuisances § 203, at p. 803.

See also Leppo v. City of Petaluma, 20 Cal.App.3d 711, 97 Cal.Rptr. 840 (1971); Rowland v. State, 129 Fla. 662, 176 So. 545 (1937); Shaffer v. City of Atlanta, 223 Ga. 249, 154 S.E.2d 241 (1967); Annot., 14 A.L.R.2d 73, 82.

In this case we must apply these rules against the backdrop of recent decisions sharpening the thrust of due process to protect rights of individuals caught in the web of statute-sanctioned prejudgmental court proceedings and the discretionary decisions of a faceless bureaucracy. See Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) (holding state prejudgment replevin statutes unconstitutional); Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971) (driver's license may not be suspended without opportunity for fair hearing); Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) (notice and some sort of evidentiary hearing required to terminate welfare benefits); Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) (prejudgment wage garnishment proceedings held unconstitutional); A Quantity of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964) (state's seizure and destruction of books without prior adversary hearing to determine their obscenity held unconstitutional); Thorp Credit, Inc. v. Barr, 200 N.W.2d 535 (Iowa 1972) (statutes permitting prejudgment replevin of property without notice and judicial hearing held unconstitutional).

In the case *sub judice* the unlicensed cars, however offending aesthetically, are nowhere defined as a health nuisance per se. The same vehicles on the lot of a licensed salvage yard would be legitimate merchandise. Nor is there any evidence of an emergency situation. The board conceded as much when it gave Walker a month and a half to abate the alleged nuisance, and a clear invitation to call for additional time if needed.

■ Under these circumstances, where no emergency exists and the determination of a nuisance lies only in the discretion of an administrative officer, the scales tip against unrestricted governmental action under the guise of police power and in favor of the due process notice and hearing requirements. Cole v. Kegler, supra; State v. Keller, 108 Neb. 742, 189 N.W. 374 (1922).

State v. Strayer, 230 Iowa 1027, 299 N. W. 912 (1941), relied on by the board, is in part distinguishable. There the wholesale collection and open dumping of raw garbage in a hog feeding operation could arguably present a public health emergency. That fact, if subsequently established in a judicial proceeding, might justify prior summary abatement without notice and hearing. What concerns us is that part of *Strayer* implying the required determination of the existence of a nuisance in the defendant's criminal prosecution would in all situations satisfy due process requirements.

Under this board's ordinance and under § 137.21, The Code, each day of failure to comply with an order of the board constitutes a separate misdemeanor. Following the *Strayer* rationale, Walker would be compelled to risk a 30-day jail sentence for each day of non-conformance with the board's order while the question whether he is maintaining a nuisance is litigated in a criminal action. If due process means anything, it means Walker should not be required to run that gauntlet. We refuse to adopt the *Strayer* logic, questionable under any circumstances, in a non-emergency situation.

Nor do we believe Lacy v. City of Des Moines, 253 Iowa 621, 113 N.W.2d 279 (1962), cited by the board, compels an affirmance here. As it pertains to the issue in this case, the supreme court there determined the various notices, and meetings and conferences between the owners and city officials, extending over a one year period, satisfied due process notice and hearing requirements. No such set of facts exists here.

■ II. There remains the question of the scope of this decision. Enactments may be constitutional in operation with respect to some persons and states of fact and unconstitutional as to others. 16 Am. Jur.2d, Constitutional Law § 194, pp. 427–428; 16 C.J.S. Constitutional Law § 71(a) (2), at pp. 217–218; See State v. Bevins, 210 Iowa 1031, 230 N.W. 865 (1930), appeal dismissed, 282 U.S. 815, 51 S.Ct. 216, 75 L. Ed. 729 (1931). An enactment may be limited to its valid applications. State v. Bevins, supra; 2 Sutherland Statutory Construction § 2415, pp. 192–194 (3rd ed. 1943).

Under other circumstances involving a palpable health nuisance per se, or in a situation of clear and compelling emergency, the board's ordinance might arguably function within the due process constitutional parameters where validity of state police power enactments are litigated. We do not decide that issue. We only decide the ordinance, in the case of Walker, operates unconstitutionally in violating due process clauses of the federal and state constitutions. Amendment 14, Constitution of the United States; Art. I, § 9, Constitution of Iowa. It should be so judicially declared, and the injunction issued as prayed.

We therefore reverse and remand for disposition in conformance with this opinion.

Reversed and remanded.