# IN THE SUPREME COURT OF IOWA

No. 44 / 04-1459

Filed August 11, 2006

**WALTER NORMAN KISTLER** and **JEAN ANN KISTLER**,

    Appellants,

vs.

**CITY OF PERRY, IOWA**,

    Appellee.

---

Appeal from the Iowa District Court for Dallas County, Darrell J. Goodhue, Judge.

Owners appeal from district court order upholding the city's seizure of the plaintiffs' motor vehicles under the city's nuisance ordinances. **REVERSED AND REMANDED.**

Stephen V. Nielsen of Skinner & Nielsen, P.L.C. West Des Moines, for appellants.

Sarah M. Kouri and William L. Dawe III of Hopkins & Huebner, P.C., Des Moines, for appellee.

**LARSON, Justice.**

The City of Perry, acting under authority of its nuisance-abatement ordinances, seized twelve vehicles from the plaintiffs' property. The plaintiffs, Walter and Jean Kistler, challenged the seizure through an action seeking temporary and permanent injunctions and damages. The district court denied the injunction and granted the city's partial motion for summary judgment over the plaintiffs' argument that the seizure orders were unconstitutional. The plaintiffs appeal, and we reverse.

## I. *Facts and Prior Proceedings.*

The plaintiffs own three properties in Perry. In the fall of 2002, the city became concerned about a number of vehicles that it considered junk on one of the Kistlers' lots. On November 6, 2002, the city sent a notice to the plaintiffs to remove the vehicles within fourteen days. The plaintiffs declined, and as the city had threatened, it seized the vehicles. The plaintiffs claimed foul because they were seized without an opportunity for them to challenge the city's actions or to establish whether they were, in fact, junk under the city's ordinance.

The November 6, 2002 notice to the Kistlers stated:

> You are hereby notified to abate the nuisance existing [on the plaintiffs' property] within 14 days from receipt of this notice.
>
> The nuisance consists of junk and junk vehicles that shall be abated by removal from the above referenced properties.
>
> In the event that you fail to abate, or cause to be abated, the above referenced nuisance within the time period designated herein, the City of Perry will take such steps as are necessary to abate, or cause to be abated, said nuisances and the cost of the abatement action will be assessed against you and/or the above-referenced properties, as provided by law.

The notice did not inform the Kistlers of any opportunity to have a hearing on the matter, and the city concedes that neither the notice to abate

nor the ordinance provides for any such hearing. The issue presented on appeal is whether the city's nuisance-abatement provision, allowing seizure of the vehicles under these circumstances, denied the plaintiffs due process.

## II. *Principles of Review.*

We review a district court's grant of a summary judgment for correction of errors at law. *Campbell v. Delbridge*, 670 N.W.2d 108, 110 (Iowa 2003). Summary judgment is appropriate only when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Id.* We, of course, review constitutional issues de novo. *Dressler v. Iowa Dep't of Transp.*, 542 N.W.2d 563, 565 (Iowa 1996).

## III. *The City Ordinances.*

The Kistlers argue that section 50.05 of the city's ordinance is unconstitutional because it places sole discretion over nuisance abatement in an administrative officer, without providing for a due-process hearing. Under that ordinance,

> [w]henever the Compliance Officer finds that a nuisance exists, such officer has the authority to determine on a case-by-case basis whether to utilize the nuisance abatement procedure or to issue a citation to the person for violation of this Code of Ordinances.

The plaintiffs contend that the city's compliance officer arbitrarily determined their vehicles to be a nuisance. The city responds that this determination was made on the basis of a city ordinance that deemed certain conditions to be nuisances. Section 50.02 lists certain conditions, not including vehicles, that are deemed to be nuisances. However, in section 50.03, the ordinance provides:

> The following chapters of this Code of Ordinances contain regulations prohibiting or restricting other conditions which are deemed to be nuisances:
>
> 1. Junk and Junk Vehicles (See Chapter 51).

Chapter 51, in turn, provides a broad definition of junk vehicles. In part, it provides that "Junk vehicle" means "any vehicle legally placed in storage with the County Treasurer or unlicensed and which has any of the following characteristics[.]" Then follows a list of conditions that will cause a vehicle to be considered junk. If the vehicle has broken glass; a broken, loose, or missing part; houses nuisance animals; contains any flammable fuel; or if it is "inoperable" or in a "defective or obsolete condition," it fits the definition.

Section 51.02 then provides:

JUNK AND JUNK VEHICLES PROHIBITED. It is unlawful for any person to store, accumulate, or allow to remain on any private property within the corporate limits of the City any junk or junk vehicle.

Legislatures have broad authority to define nuisances and to provide methods for their abatement. *See* 58 Am. Jur. 2d *Nuisances* § 48, at 605 (2002). This is true as to city governments in Iowa. *See* Iowa Code § 364.12(3) ("A city may: *a.* Require the abatement of a nuisance, public or private, in any reasonable manner."). The operative word in this statute is "reasonable." The plaintiffs claim that the city's ordinance is so unreasonable it violates due process, and there is considerable support for that claim in the general nuisance law.

Generally, before the abatement of a nuisance, the property owner responsible for the nuisance is entitled to due process of law, that is, formal notice and hearing to determine whether the property is in fact a nuisance in most instances. If possible, the owner of property should, before its destruction, be given a hearing upon the question of whether the property is in fact a menace to the community. Requirements of due process are satisfied by a statute authorizing the destruction of property as a public nuisance where it provides for an investigation and ascertainment of the facts by a public officer, notice to the owner, and an appeal to the court from the decision.

58 Am. Jur. 2d § 406, at 831 (footnotes omitted). "Things which are by common or statutory law declared to be nuisances per se, or which are by

their very nature palpably and indisputably such, may be abated or destroyed by public authorities without notice or hearing." *Id.*

In this case, the city does not contend that these vehicles were "palpably and indisputably" nuisances. However, the city claims the vehicles were clearly made nuisances through the enactment of its ordinance that defined junk vehicles. *See id.* at 831-32 ("Where a statute so specifically defines what constitutes a nuisance as to leave no room for latitude on the question, officials are authorized and protected in abating such described nuisances and no notice or hearing is required.").

However, the city's ordinance defining junk vehicles is so broad that it gives little meaningful notice as to what constitutes junk. In Perry, for example, an unlicensed vehicle with a broken or cracked windshield or other glass, and a broken, loose, or missing part, or containing "gasoline or any other flammable fluid" (which all vehicles do), could be seized by the city's enforcement officer. In contrast to this broad definition of junk vehicles, a state statute provides this objective, understandable description of a similar category of vehicles:

> *"Wrecked or salvage vehicle"* means a damaged vehicle for which the cost of repair exceeds fifty percent of the fair market value of the vehicle before it became damaged.

Iowa Code § 321H.2(10).

In *Walker v. Johnson County*, 209 N.W.2d 137 (Iowa 1973), junk cars were also at the center of controversy. In that case, the Johnson County Health Board was empowered "to investigate, on complaint or on its own initiative, any health nuisance in the county and order its abatement." However, the ordinance made no provision for notice or hearing to determine whether a health nuisance in fact existed. *Walker*, 209 N.W.2d at 138. We said:

> Under these circumstances, where no emergency exists and the determination of a nuisance lies only in the discretion of an administrative officer, the scales tip against unrestricted governmental action under the guise of police power and in favor of the due process notice and hearing requirements.

*Id.* at 140.

In this case, the city argues that *Walker* must be distinguished because, unlike the present case, the owners of the vehicles in *Walker* lacked advance notice as to what constituted a hazard. We noted that "the unlicensed cars, however offending aesthetically, are nowhere defined as a health nuisance per se." *Id.* We disagree with the city's rejection of the *Walker* rationale. Here, the ordinance describing junk vehicles is so broad that it fails to give any meaningful notice as to what may be seized or what limits are imposed on the powers of the enforcement officer. Moreover, as in *Walker* there is no evidence that the vehicles were "palpably and indisputably" nuisances or that "there is any evidence of an emergency situation." *Id.* at 139-40.

In an analogous case involving two states' replevin statutes permitting seizures without prior notice and opportunity to be heard, the Supreme Court observed:

> For more than a century the central meaning of procedural due process has been clear: "Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified." *Baldwin v. Hale*, 1 Wall. 223, 233, 17 L. Ed. 531. . . . It is equally fundamental that the right to notice and an opportunity to be heard "must be granted at a meaningful time and in a meaningful manner."

*Fuentes v. Shevin*, 407 U.S. 67, 80, 92 S. Ct. 1983, 1994, 32 L. Ed. 2d 556, 569-70 (1972) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 1191, 14 L. Ed. 2d 62, 66 (1965)).

Moreover, as the Court noted, a postseizure remedy is usually inadequate:

If the right to notice and a hearing is to serve its full purpose, then, it is clear that it must be granted at a time when the deprivation can still be prevented. At a later hearing, an individual's possessions can be returned to him if they were unfairly or mistakenly taken in the first place. Damages may even be awarded to him for the wrongful deprivation. But no later hearing and no damage award can undo the fact that the arbitrary taking that was subject to the right of procedural due process has already occurred. "This Court has not . . . embraced the general proposition that a wrong may be done if it can be undone."

*Fuentes*, 407 U.S. at 81-82, 92 S. Ct. at 1994-95, 32 L. Ed. 2d at 570 (quoting *Stanley v. Illinois*, 405 U.S. 645, 647, 92 S. Ct. 1208, 1210, 31 L. Ed. 2d 551, 556 (1972)).

We hold that the ordinance under which these vehicles were seized denied the plaintiffs their procedural due process rights in violation of the Fourteenth Amendment to the United States Constitution and article I, section 9 of the Iowa Constitution. The plaintiffs also ask that we declare the ordinance unconstitutional on its face. This is also an issue we addressed in *Walker*:

There remains the question of the scope of this decision. Enactments may be constitutional in operation with respect to some persons and states of fact and unconstitutional as to others. An enactment may be limited to its valid applications.

Under other circumstances involving a palpable health nuisance per se, or in a situation of clear and compelling emergency, the board's ordinance might arguably function within the due process constitutional parameters where validity of state police power enactments are litigated. We do not decide that issue. We only decide the ordinance, in the case of Walker, operates unconstitutionally in violating due process . . . .

209 N.W.2d at 140 (citations omitted).

In this case, the ordinance does not *require* the enforcement officer to seize vehicles without a hearing; it only authorizes the officer "to determine on a case-by-case basis whether to utilize the nuisance abatement procedure or to issue a citation . . . ." Under this ordinance, the

enforcement officer could follow either alternative by providing a notice and hearing and thereby avoiding constitutional problems. We do not believe the ordinance is invalid on its face.

According to the record, residents of Perry have been upset about the Kistlers' operation for years, and that is understandable. But, regardless of how aesthetically offending the vehicles might be, they were not shown to be so clearly and palpably nuisances that they could be legally seized without notice or hearing. We therefore reverse the judgment of the district court and remand for further proceedings under the plaintiffs' petition for injunctions and damages.

**REVERSED AND REMANDED.**

All justices concur except Wiggins, J., who takes no part.