# IN RE CONDEMNATION BY THE STATE FIRE MARSHAL OF A BUILDING, ETC.

## JOHN J. YORK v. R. W. HARGADINE.[1]

### April 11, 1919.

### No. 21,162.

**Fire — condemnation of building — statute valid.**

1. Chapter 469, Laws 1917 (amending sections 5140-5146, G. S. 1913), authorizing the state fire marshal to condemn and order torn down a building which, by reason of age, dilapidated condition or other defect. is especially liable to fire, and is so situated as to endanger life and limb or other buildings or property in the vicinity, is a valid exercise of the police power of the state. A structure coming within the purview of the statute may be regarded as a nuisance and abated as such.

**Same — evidence.**

2. The evidence sustains the finding that the building condemned is especially liable to fire and dangerous to life and surrounding structures.

**Same — nuisance.**

3. A building in the condition established by the finding is in fact a nuisance, even if that term is not used either in the findings or the statute mentioned.

In proceedings in the district court for Hennepin county for the condemnation of a certain building by the state fire marshal, John J. York, as administrator of the estate of William Anheier, deceased, in his answer, among other matters alleged that chapter 36, G. S. 1913, as amended by Laws 1917, p. 803, c. 469, is unconstitutional because it authorizes and directs the taking of property of defendant without due process of law, and for the further reason that said law authorizes and directs the destruction of private property without just compensation therefor first paid or secured, all in violation of the provisions of the state Constitution. The matter was heard by Leary, J., who made findings, affirmed the order of the fire marshal and ordered him to proceed

[1] Reported in 171 N. W. 773.

forthwith to procure compliance with the order. From the order denying his motion for a new trial, John J. York appealed. Affirmed.

*George M. Bleecker,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Elias Rachie,* Special Assistant Attorney General, for respondent.

HOLT, J.

In virtue of the authority given by chapter 469, p. 803, Laws of 1917 (amending sections 5140-5146, G. S. 1913), the state fire marshal condemned and ordered demolished a wooden building located within the fire limits of the city of Minneapolis and belonging to the estate of William Anheier. Upon a hearing in the district court the order was found reasonable. The administrator of the estate appeals.

The section here assailed as unconstitutional reads: "The state fire marshal may condemn and by order direct the destruction, repair or alteration of any building or structure which by reason of age, dilapidated condition, defective chimneys, defective electric wiring, gas connections, heating apparatus or other defect, is especially liable to fire and which building or structure in the judgment of said state fire marshal, is so situated as to endanger life or limb or other buildings or property in the vicinity."

The right to condemn and direct the destruction of property granted by this statute must be sought in the police power possessed by the state. It is contended the power does not extend to a destruction of property without compensation to the owner, unless the property constitutes a nuisance, except perhaps in cases of extreme emergencies. The proposition is not tenable. Regulating or compelling the repair or alteration of buildings that have become a nuisance to persons or surrounding property, is conceded by appellant to be a proper exercise of the police power of the state. Whether as a result of the compulsory repair or alteration, or the manner in which it is required to be done, the owner suffers a pecuniary loss, thus depriving him of his property, is of no vital consequence. In principle there would seem to be no room for making a distinction between the right under the police power to compel the altera-

tion of a building, and the right to compel its reduction into lumber, so far as in either case it may result in a loss to the owner.

Appellant also concedes that the police power of the state is properly directed against the abatement of a nuisance, and that no valid objection to legislation enacted for that purpose can be made on the ground that the owner of the nuisance is deprived of property by the abatement. Our statutes define certain conditions and acts to be private or public nuisances, and provide for their abatement or redress. If a structure is so old and dilapidated that it endangers life and limb or buildings and property in the vicinity, it is in fact a nuisance, although that word is not applied to it in the act. We deem chapter 469, p. 803, Laws 1917, a valid exercise of the police power so far as it relates to condemning buildings found in the condition therein prescribed. Public welfare calls for the abatement of that which endangers life and property. Such abatement is not in any sense a taking of private property for public use, entitling the owner to compensation. The public takes nothing, it simply causes one who maintains upon his land that which unduly endangers life and property to remove it. In Patterson v. Johnson, 214 Ill. 481, 73 N. E. 761, it is held that under the power granted cities to abate and remove nuisances was included the power to regulate the removal or construction of wooden buildings within the corporate limits, and in the opinion the following was quoted with approval from Baumgartner v. Hasty, 100 Ind. 575, 50 Am. Rep. 830: "A wooden building is not in itself a nuisance, but when erected in a place prohibited by law and where it endangers the safety of adjoining property it may become a nuisance. If the locality and character of such a building do endanger the safety of surrounding buildings, then it may be treated as a nuisance, and a governmental body, having authority to legislate upon such subjects, may prohibit its erection in places where it would endanger the safety of surrounding property."

Appellant contends that the findings of fact are not sustained by the evidence. The court finds: "That said building is a frame structure approximately 62 years old; that it is composed almost entirely of combustible material; that the sills and supporting members are decayed and weak; that the walls of said building are warped and bulging; that the roof is shingled and that said shingles are curled and loose,

that said building is * * * in a region densely occupied and populated; that said building, due to its age and composition, is especially liable to fire and is dangerous to other buildings and property in the vicinity and to human life and limb." The building is on Marquette avenue and First street within the established fire limits. It is a low two story structure with dilapidated additions on the end and side which have settled away from the main part. The upper story is divided into small rooms by wooden partitions; the hall leading to those rooms is narrow; the only access is by a narrow staircase. The rooms cannot well be used except as sleeping quarters for transients who must needs put up with the meanest accommodations. The chimney rests on wall brackets. There is no basement, but a small cellar has been excavated, wherein is placed a furnace which may be used to heat a part of the building. The wall next to First street is about six inches out of plumb. The roof sags in the middle. We consider the findings amply sustained. That other old shacks within the fire limits have so far escaped condemnation by the fire marshal, does not tend to prove that the one in question should be immune. That the building still is capable of producing a considerable income for its owner, is not decisive proof that it is not dangerous to life or surrounding property. We think the situation presented by the evidence and the findings fully justified the conclusion that the order of the marshal was reasonable.

We disagree with appellant's contention that, since the court did not in terms declare the building a nuisance, the order directing it to be torn down cannot be sustained. As already stated, the finding that, due to its age and composition, the building is especially liable to fire and dangerous to property in the vicinity and to human life and limb, is equivalent to a finding that it is a nuisance, and one to be removed under the authority of the statute mentioned. We agree with appellant that both the fire marshal, in determining whether a building which is in use or usable shall be torn down, and the court, when called upon to determine whether the order in directing it to be dismantled is reasonable, should exercise great caution. Where repairs or alterations can be made lawfully upon a wooden building so as to eliminate the special dangers arising from its location and condition to surrounding property

and to persons, such repairs or alterations should be ordered rather than a tearing down of the building.

In this case, however, we think the record sustains the conclusion of the learned trial court that the fire marshal's order was reasonable and should be carried out.

Affirmed.