IN THE MATTER OF THE CONDEMNATION BY STATE FIRE MARSHAL OF BUILDING OWNED BY ANNA FITZPATRICK. STATE FIRE MARSHAL v. ANNA FITZPATRICK.[1]

June 3, 1921.

No. 22,249.

**Finding that building was liable to fire sustained.**

1. The findings taken together demonstrate that the building condemned in its present condition is especially liable to fire and is so situated as to endanger life and limb and other property.

**Order for destruction unreasonable.**

2. But the evidence does not support the finding that the building is beyond repair. On the contrary, it appears that by proper repair and alteration it will be as free from danger as any wooden building can be made. In that situation it was unreasonable and arbitrary to order the destruction without giving the owner the option to alter and repair.

In the above entitled matter Anna Fitzpatrick, owner, filed objections. The matter was tried in the district court for St. Louis county before Nelson, J., who made findings and affirmed the order of condemnation of the state fire marshal. The owner's motion for a new trial was denied. From that order and from an order denying her motion for a new trial, she appealed. Reversed.

*John B. Richards,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Albin E. Bjorklund,* Special Assistant Attorney General, for respondent.

[1]Reported in 183 N. W. 141.

HOLT, J.

The state fire marshal upon inspection determined that a vacant three-story frame building, known as 226 Lake avenue South, in Duluth, Minnesota, was especially liable to fire and dangerous to other property and to human life and limb, and ordered defendant, the owner, to demolish and remove it within 30 days. Defendant filed objections in due time, and a hearing was had in the district court where the order of the  fire marshal was sustained. This appeal is from the order of the district court refusing a new trial.

The proceeding is under chapter 469, p. 803, Laws 1917 (amending chapter 36, G. S. 1913, §§ 5140-5146), which provides as follows: "The state fire marshal may condemn and by order direct the destruction, repair, or alteration of any building or structure which by reason of age, dilapidated condition, defective chimneys, defective electric wiring, gas connection, heating apparatus or other defect, is especially liable to fire and which building or structure, in the judgment of said state fire marshal, is so situated as to endanger life or limb or other buildings or property in the vicinity."

The main contentions are: (1) That there is no finding that the building is especially liable to fire; and (2) that the finding that it is beyond reasonable repair is contrary to the evidence.

The findings may be subject to the criticism that the evidentiary facts, instead of the ultimate fact, are found. But we think the evidentiary facts, taken together, form the ultimate fact, or unavoidable conclusion, that the building in its present condition of disrepair and vacancy is especially liable to fire and so situated as to endanger other property. It was built about 30 years ago, is of pine, and stands on cedar posts or piles without stone or cement foundation. The court finds: "That by reason of age and failure to repair, the building is now in a dilapidated condition; that the shingles are loose and curled; that the siding is decayed and has in many places fallen off, leaving large openings in the walls; that the inside sheathing is loose and rotten; that the building has settled, causing the same to lean toward the north more than sixteen inches, and is liable to collapse; that the sills and supporting timbers are thoroughly decayed, and that the plaster has fallen from the walls and ceilings in many places, exposing the laths; that the

floors are bulged, weak, and bent; that the building is beyond reasonable repair, and is liable to fire, and is dangerous to other buildings and property in said vicinity and to human life and limb." If all the above findings are supported the building was a special fire hazard, and should be removed unless the danger can be eliminated.

But we think the finding that the building is beyond reasonable repair is contrary to the evidence. By reputable builders, defendant proved that by an expenditure of less than $4,000 the building will be as safe and free from fire hazard as any wooden structure can be made, and will be as good, strong and secure as when first built; that to reproduce this building now would cost between $18,000 and $19,000; that the estimated value of the building as it now stands is from $5,000 to $10,000. There was no evidence to the contrary. Defendant is ready and willing to make repairs and alterations. The fire marshal has authority to prescribe what they shall be. This building is within the fire limits, but no ordinance or building regulation forbids repairs or alterations thereon. Under these circumstances the order requiring the destruction of the building, without giving defendant an option to eliminate the special fire hazard and danger now existing by proper alterations and repairs, would seem to be unreasonable, and to needlessly deprive the owner of property of large value.

The law in question is drastic. It authorizes the destruction of property without compensation. The state, in the exercise of its police power, may do this, but the necessity for thus sacrificing private property must clearly appear. The law itself holds out an alternative by which the owner may be directed to alter or repair so as to eliminate danger. When the police power of the state is exerted against property it is ordinarily to regulate its use, not to destroy it. Destroying or depriving the owner thereof is a last resort, unless the property is of such nature that its use or possession cannot be other than for evil. It was said in York v. Hargadine, 142 Minn. 219, 171 N. W. 773, 3 A. L. R. 1627, that the fire marshal and the courts should exercise the power conferred by the law in question with great caution. "Where repairs or alterations can be made lawfully upon a wooden building so as to eliminate the special dangers arising from its location and condition to surrounding property and to persons, such repairs or alterations should be ordered

rather than a tearing down of the building." The police power cannot be extended by the authority which is intrusted with its exercise to an arbitrary misuse of private rights. Northwestern Tel. Exch. Co. v. City of Minneapolis, 81 Minn. 140, 83 N. W. 527, 86 N. W. 69, 53 L.R.A. 175.

The question then is reduced to this: The building being capable of repair and alteration so as to eliminate the hazard it gives rise to, equal to or below that which exists in any well maintained wooden structure similarly located, was the action requiring its destruction unreasonable and arbitrary? We are of the opinion that the record indicates that the fire marshal and the court did not give due weight to the possibility of changing the situation by proper repairs and alterations. To order the destruction of the building under this evidence seems arbitrary and unreasonable. Defendant should have the option either of repairing and altering the building so as to conform to the reasonable demands of the fire marshal, or else demolishing it.

It is, perhaps, not out of place to remark that we could not properly give any consideration to the fact that a frame building of about the same appearance as defendant's and within two feet thereof is not sought to be destroyed, nor to the fact that on the other side of defendant's building the owners of frame structures have consented to judgments condemning them.

The order is reversed and the court below is directed to annul the order of the fire marshal who will proceed in the matter in conformity to the principle herein expressed.