## HAROLD JOHNSON v. CLAYTON FOSSUM.

159 N. W. (2d) 791.

June 7, 1968—No. 40,742.

*Rainer L. Weis* and *Ronald R. Frauenshuh,* for appellant.

*Johnson, Schmidt & Thompson,* for respondent.

SHERAN, JUSTICE.

Appeal from an order of the district court denying plaintiff's motion for judgment notwithstanding the verdict or, in the alternative, a new trial.

Action was instituted to recover damages resulting when personal property situated in a condemned building was destroyed by fire. The defense was that defendant had acted lawfully in his official capacity as chief of the Fire Department of the city of Willmar; that the personalty was valueless; and that the loss was due to the owner's failure to remove it.

Defendant acted under Minn. St. c. 73. Minn. St. 73.09 authorizes the state fire marshal to condemn and by order direct the destruction of any structure which is especially liable to fire and so situated as to endanger the person or property of others. Section 73.10 outlines the procedure whereby a condemnation order may be secured from a state district court fixing the time within which the structure involved shall be destroyed and authorizing the state fire marshal to carry out the destruction if necessary. Section 73.13 provides that a copy of such order shall be served upon interested parties together with a written notice that the order has been filed and will be put in force in the absence of written objections which may be interposed by the owner or occupying tenant.

Section 73.16, subd. 1, provides in part:

"* * * In lieu of demolishing the building or structure the state fire marshal may sell it at a public auction, * * * provided the purchaser signs a written agreement to demolish the building and remove the salvage within such time * * * as the state fire marshal shall announce before the sale."

Under this section, failure of the purchaser to demolish the structure as agreed voids the sale.

The proceedings in the instant case were initiated on January 11, 1963, when a hearing was held before the District Court of Kandiyohi County upon an order to show cause why plaintiff's property should not be condemned. That court ordered plaintiff to make certain repairs to his property by June 30, 1963, and directed that upon failure to make such repairs, the fire marshal could proceed to demolish the building by means authorized by law. The repairs were not made. On January 22, 1964, the district court directed the fire marshal to proceed to enforce the terms of the demolition order. On July 14, 1965, the state fire marshal's office gave notice of intent to sell the structure involved at public auction. It was sold on July 23, 1965, to plaintiff who agreed to wreck the building and remove all combustible material and salvage within 46 days. Plaintiff did not perform the agreement.

On December 20, 1965, a letter was sent to plaintiff from the state fire marshal's office informing him that commencing January 1, 1966, the state fire marshal would proceed to wreck and remove the building material and salvage from the premises involved. It concluded with this paragraph:

"It is further recommended that prior to Jan. 1, 1966 you remove any personal property of value from such premises as the State Fire Marshal cannot assume responsibility for their safe keeping."

Shortly afterwards, plaintiff's request for additional time was refused unequivocally.

On January 3, 1966, defendant, acting as chief of the Willmar Fire Department, upon a request of a representative of the state fire marshal, destroyed the structure involved by fire. Before doing so, defendant and other members of the Willmar Fire Department examined the premises to determine if there was anything that should be removed and concluded that (except for a combination screen door which was delivered to plaintiff) nothing of value was there. Plaintiff testified that personal property of value was in fact in the structure on that day, some of it located in the attic and some in other places. If so, the firemen did not observe it or failed to recognize its worth.

Upon this testimony adduced by plaintiff, the trial court granted defendant's motion for a directed verdict, stating:

"\* \* \* All of these proceedings gave notice to the plaintiff Mr. Johnson, that if he had any \* \* \* personal property in that building, it was his duty to remove [it] before the building was demolished. It was not the duty of the defendant, the fire chief of Willmar, to remove the personal property. Even if one assumed that there were any duty on the part of the fire chief, the plaintiff, Mr. Johnson, has so procrastinated and so delayed that any loss that he has sustained is due wholly to his own fault."

The post-trial motion having been denied, this appeal is taken. The issue for decision is whether the evidence, considered in the light most favorable to plaintiff, could support a jury verdict for actual or punitive damages.

In our opinion, the decision of the trial judge was clearly correct. It is not disputed that defendant was authorized to destroy the structure here involved by fire on January 3, 1966. There is no evidence to show that defendant intentionally destroyed personal property of value belonging to the plaintiff. In fact, the witnesses produced by plaintiff testified that the premises were inspected in an effort to locate personal property of value belonging to plaintiff and that the only object fitting this description was removed from the building and returned to him before the fire was set.

The most that plaintiff can claim in this situation is that defendant was somehow at fault for failing to make or direct a more careful inspection of the structure and in failing to locate the articles of personalty which plaintiff now contends were stored in it. Evidence such as this could not support a finding that defendant intentionally destroyed personal property of value belonging to plaintiff. The most that could be said is that there was a negligent failure to discover the personal property which plaintiff now claims was there. Assuming this for the purposes of discussion, it is clear to us that plaintiff, having been notified by letter dated December 20, 1965, that he should remove any personal property in the structure by the following January 1, and having failed either to do so or to notify defendant of the exact nature and location of the personal property

which plaintiff claims now was destroyed, is barred as a matter of law by his own conduct from a recovery in this action.

No case directly in point has been cited, but the following authorities support generally our determination to affirm. Nelson v. Babcock, 188 Minn. 584, 248 N. W. 49, 90 A. L. R. 1472; State Fire Marshal v. Sherman, 201 Minn. 594, 277 N. W. 249; Wilbrecht v. Babcock, 179 Minn. 263, 228 N. W. 916; Foster v. Malberg, 119 Minn. 168, 137 N. W. 816, 41 L. R. A. (N. S.) 967; 62 C. J. S., Municipal Corporations, § 545(g); 37 Am. Jur., Municipal Corporations, § 264; 15 Dunnell, Dig. (3 ed.) § 8001; Jennings, *Tort Liability of Administrative Officers*, 21 Minn. L. Rev. 263, particularly cases cited in notes 144 and 145; Prosser, Torts (3 ed.) § 126; Restatement, Torts, § 266.

Affirmed.