IN RE SOUTH ONE THIRD OF LOT 8 AND NORTH 31 FEET OF LOT 7, BLOCK 33, ORIGINAL PLAT OF VILLAGE OF ZUMBROTA. VILLAGE OF ZUMBROTA v. LLOYD H. JOHNSON.

161 N. W. (2d) 626.

June 7, 1968—No. 40,785.

*Pemberton, Michaels, Bishop, Seeger & Rosenblad* and *Ronald L. Seeger,* for appellant.

Sheran, Justice.

Appeal from an order of the district court denying defendant's motion to vacate a judgment except upon condition that he file a bond to insure payment of costs, disbursements, and expenses incurred by reason of any judgment ultimately secured by plaintiff.

The village council of the village of Zumbrota ordered defendant, Lloyd H. Johnson, to remove "that certain hazardous building and personal property or fixtures and debris" from premises owned by him in the village upon the ground that the building and debris constituted "a fire hazard or a hazard to public safety or health." The order concluded with this statement:

"Unless corrective action is taken in compliance with this order within the time above specified, or unless an answer is served pursuant to M. S. A.

§ 462.393 [1] within twenty (20) days from the date of service of this order upon you, a motion for summary enforcement of this order will be made to the District Court, First Judicial District, at Red Wing, Minnesota."

On August 17, 1966, the judgment here involved was entered. It confirms and directs compliance with the order of the village council directing defendant to remove the "hazardous building" and provides that upon the owner's failure to comply with the order within 20 days from the date of the entry of the judgment, the action contemplated by the order could be taken by the council summarily. The judgment also provides that a copy of it should be mailed by the clerk of the court to defendant.

The order of the district court directing the entry of this judgment was based upon findings of fact and conclusions of law which can be summarized for present purposes in this way:

The order of the Zumbrota village council was served upon defendant, the owner of the premises, personally. No answer was interposed. The hazardous building still exists on the premises although the time given to defendant to comply with the order was reasonable.

Although the proceedings which resulted in these findings and conclusions and the entry of the judgment were initiated before the district court by the municipality's motion "for enforcement of an order for removal of a hazardous building," *notice of that motion was not served upon defendant.*

Upon being advised of the entry of the judgment, defendant moved the district court for an order setting it aside upon the grounds, among others, (a) that the defendant had not been given adequate notice and opportunity to be heard prior to the entry thereof; and (b) that the order of the village council confirmed by the judgment was defective for failure to specify in particular the thing or matter to be eliminated. The affidavits filed in support of this motion, considered together, appear to establish that the reason defendant did not interpose an answer in response to the order for removal issued by the village council was because he had removed everything which *he* considered to be hazardous from the

---

[1] The intended reference was probably to Minn. St. 463.18.

premises prior to the expiration of time limitation specified in the notice. No counteraffidavits were filed although the village was represented by its attorney when the motion to vacate the judgment came on for hearing before the district court.

The trial judge, considering the motion as being one addressed to his discretion, and acting pursuant to the authority embodied in Rule 60.02, Rules of Civil Procedure, ordered that the judgment be vacated upon condition that defendant file a bond in the sum of $2,000 conditioned upon payment of costs and disbursements and all expenses incurred in securing enforcement of the judgment in the event the village prevailed after a hearing on the merits.

The proceedings in this case were initiated upon the authority of L. 1965, c. 393 (Minn. St. 463.15 to 463.26). By its terms, the governing bodies of certain municipal corporations are authorized to order the owner of a hazardous building within their limits to correct the hazardous condition or eliminate the building. Minn. St. 463.17 requires that the order specify in writing the necessary repairs, if any, and afford a reasonable time for compliance. It prescribes that the written notice "state that a motion for summary enforcement of the order will be made to the district court * * * unless corrective action is taken, *or* unless an answer is filed within the time specified * * *." (Italics supplied.) Section 463.18 provides that within 20 days from the date of service of such an order, the person upon whom service is made "may serve an answer * * * *specifically denying such facts in the order as are in dispute.*" (Italics supplied.)

Section 463.19 provides that if no answer be served, the district court may upon motion of the governing body and such evidence as it may require, affirm or modify the order and enter judgment fixing a time after which the governing body may proceed with the enforcement of the order. Section 463.21 authorizes the governing body to repair, raze, or remove the building involved if the property owner fails to comply with the terms of the judgment, and imposes a lien upon the realty for the costs incurred in doing so.

The procedure involved here is comparable to that embodied in Minn. St. c. 73, which authorizes the state fire marshal to condemn and by

order direct the destruction of hazardous structures. Because of this fact, our decisions in York v. Hargadine, 142 Minn. 219, 171 N. W. 773, 3 A. L. R. 1627; State Fire Marshal v. Fitzpatrick, 149 Minn. 203, 183 N. W. 141; and State Fire Marshal v. Sherman, 201 Minn. 594, 277 N. W. 249, dealing with the limitations upon the exercise of the police power in instances such as this are relevant. In the first of these cases, it was held that a law authorizing a public officer to condemn and order destruction of a building which is especially liable to fire and so situated as to endanger life and limb or other buildings or property in the vicinity is a valid exercise of the police power of the state. Mr. Justice Holt, writing for the court, said there (142 Minn. 221, 171 N. W. 774):

"* * * Public welfare calls for the abatement of that which endangers life and property. Such abatement is not in any sense a taking of private property for public use, entitling the owner to compensation. The public takes nothing, it simply causes one who maintains upon his land that which unduly endangers life and property to remove it."

However, it is to be noted that the opinion contains this admonition (142 Minn. 222, 171 N. W. 775):

"* * * [T]he fire marshal, in determining whether a building which is in use or usable shall be torn down, and the court, when called upon to determine whether the order in directing it to be dismantled is reasonable, should exercise great caution."

In State Fire Marshal v. Fitzpatrick, *supra,* we reversed a district court determination that a structure with respect to which c. 73 power was to be exercised, was beyond repair and said by way of dictum (149 Minn. 205, 183 N. W. 142):

"The law in question is drastic. It authorizes the destruction of property without compensation. * * * [N]ecessity * * * must clearly appear. * * * The police power cannot be extended by the authority which is intrusted with its exercise to an arbitrary misuse of private rights."

In State Fire Marshal v. Sherman, *supra,* we held that the evidence sustained a trial court finding that the structure there involved was one especially liable to fire and a danger to life and surrounding structures.

The strictures applied in the Hargadine and Fitzpatrick cases with respect to the circumspection to be exercised where private property is being destroyed pursuant to the police power were repeated and emphasized.

It is to be noted that in all these cases the district court had the benefit of a contest between the public officer and the property owner with respect to the issues involved. In none of these cases was there a failure on the part of the governmental agency to give defendant adequate notice of its intent to secure judicial sanction of its order for destruction. Also, in Johnson v. Fossum, 280 Minn. 386, 159 N. W. (2d) 791, a private property owner who failed to respond to an order of the fire marshal pursuant to § 73.09 was given his notice and opportunity to be heard in the proceedings instituted in the district court pursuant to § 73.10 by the service upon him of an order to show cause issued by the district court whereby he was clearly notified that at the time and place therein specified the public official therein named would move the court for an order giving judicial support to the fire marshal's direction to remove.

■ With the aid of these decisions involving proceedings under c. 73, two principles applicable to the case before us can be formulated:

(a) Statutory proceedings to abate a nuisance in exercise of the police power of the state are to be executed prudently to avoid unnecessary curtailment of the rights of owners of private property.

(b) In the absence of an emergency situation,[2] the notice and opportunity to be heard which are the essence of due process of law[3] should

---

[2] See, United States v. Caltex, Inc. 344 U. S. 149, 73 S. Ct. 200, 97 L. ed. 157.

[3] See, State ex rel. Blaisdell v. Billings, 55 Minn. 467, 57 N. W. 206, 794; State v. McGuire, 109 Minn. 88, 122 N. W. 1120; Everington v. Board of Park Commrs. 119 Minn. 334, 138 N. W. 426; State v. Security Nat. Bank, 143 Minn. 408, 173 N. W. 885; State v. Ernst, 209 Minn. 586, 297 N. W. 24, 134 A. L. R. 643; Dimke v. Finke, 209 Minn. 29, 295 N. W. 75; Hunter v. Zenith Dredge Co. 220 Minn. 318, 19 N. W. (2d) 795; 16A C. J. S., Constitutional Law, §§ 569(4) and 571.

be provided freely and unequivocally because of the fact that a judgment adverse to the owner results in loss without compensation.

■ We come now to defendant's claim that he was not afforded adequate and clear notice of the municipality's intent to secure default judgment against him.

The notice issued by the village council gave defendant these alternatives: (1) To eliminate the "hazardous building * * * and debris"; *or* (2) to serve an answer "pursuant to M. S. A. § 462.393." This notice was deficient on two counts at least: It failed to specify precisely what defendant was expected to do in order to comply with the first alternative; and it referred him to an obsolete statutory arrangement if he chose the second alternative.

If defendant had not undertaken to comply with either of the choices given by the notice, it could be argued that these deficiencies were not prejudicial. But the record is clear that he did eliminate what *he* considered to be the "hazardous building and debris." From the fact that the city attorney applied for the default judgment which was entered, we can assume that, in his opinion, defendant did not succeed in this effort. But, in the absence of a notice that the action in district court was to be taken, how was defendant to know that his conception of what was hazardous did not coincide with that of the village attorney? The word "hazardous" can mean different things to different people.[4]

■ Our conclusion is that the notice served in this case was not sufficiently certain under the circumstances to meet the minimal requirements for the notice and opportunity to be heard which are essential conditions precedent for the entry of a default judgment.[5] This being so, the judgment should have been vacated unconditionally.[6] That part

[4] See, 19 Wd. & Phr. (Perm. ed.) p. 111.

[5] In addition to the cases cited in footnote 3, see West Digest System, Judgment, Key No. 17; 49 C. J. S., Judgments, § 23; 16 Am. Jur. (2d) Constitutional Law, § 369. Note particularly, Annotation, 14 A. L. R. (2d) 73.

[6] Cf. Feikert v. Wilson, 38 Minn. 341, 37 N. W. 585; Pugsley v. Magerfleisch, 161 Minn. 246, 201 N. W. 323; City of St. Paul v. Meister, 176 Minn. 59, 222 N. W. 520.

of the order vacating the default judgment is affirmed; that part which requires a bond is reversed and the case is remanded for further proceedings.

Reversed and remanded.

UPON APPEAL FROM CLERK'S DISALLOWANCE OF
TAXATION OF COSTS AND DISBURSEMENTS.

On October 4, 1968, the following opinion was filed:

PER CURIAM.

Defendant appeals from the clerk's disallowance of his taxation of costs and disbursements.

The rule is that when the state acts in its sovereign capacity costs and disbursements cannot be taxed against it except as otherwise provided by law. State ex rel. Smiley v. Holm, 186 Minn. 331, 243 N. W. 133; State, by Peterson, v. Bentley, 231 Minn. 531, 45 N. W. (2d) 185.

Defendant relies on Minn. St. 278.07 which allows costs and disbursements to a petitioner when there is no judgment for taxes and a judgment determining the rights of the parties is entered. This statute is inapplicable to the order, issued under § 463.17, which requires defendant to remove a hazardous building and other property from his premises.

The clerk's disallowance of the taxation of costs and disbursements is affirmed.