In re Application of E. C. Iverson, State Fire Marshal, for the Condemnation of a Building. E. C. Iverson, State Fire Marshal, appellee, v. L. O. Keedick, appellant.

39 N. W. 2d 797

Filed November 23, 1949. No. 32659.

*Martin & Davis,* for appellant.

*James H. Anderson,* Attorney General, *Homer L. Kyle,* and *L. M. Clinton,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

In this action the State Fire Marshal sought the demolition of a frame building located in the city of Sidney. Objections were filed by the owner and trial had in the district court. The court decreed compliance with the order of the State Fire Marshal. The owner appeals. We reverse the judgment of the trial court.

For convenience the State Fire Marshal will be referred to herein as the plaintiff, and the owner of the property as the defendant.

Pursuant to the provisions of section 81-513, R. S. 1943, the plaintiff on April 17, 1948, issued to the defendant the following order: "By reason of age, Delapidated (sic) condition, rotted sills, rotted floors & joists, defective and inadequate exits. Because of these hazardous conditions, this building is especially susceptible to fire and endangering life, limb and adjoining property. This building is herewith condemned. This building must be taken down and premises cleaned up. If this order is not complied with within the time specified, complaint will be filed with the District Court and legal action taken to enforce this order."

A copy of the order was filed with the clerk of the district court. Thereafter plaintiff filed a petition alleging that he had issued and served the order for the condemnation and demolition of the building, and prayed

for a decree enforcing the order. Thereafter the defendant filed his objections pursuant to section 81-517, R. S. 1943, wherein he denied generally. He further answered that the order was indefinite and uncertain in its allegations and moved the court to require plaintiff to amend his order to set out what the term "dilapidated condition" included and what portions of the premises were in a dilapidated condition so as to render it susceptible to fire and dangerous to life, limb, and adjoining property, to set forth specifically in what respect the exits were defective and inadequate, and to amend the order so as to designate specifically what repairs or alterations could be made as an alternative to the demolition of the building. Defendant further alleged two previous orders requiring repairs and alterations which he alleged were made and approved by plaintiff, and pleaded an estoppel to order demolition without an opportunity to make additional repairs and alterations as were required.

The court overruled the motion and gave leave to file amended objections. Amended objections were made which, excepting for the motions, were substantially the same as before. Defendant prayed for dismissal and equitable relief.

Trial was had resulting in a finding by the court generally for the plaintiff, and "That the property involved is a two story building about 80' x 30'-50' on the North side of Lots 1, 2, 3 and 4 in Block 20, Original Town of Sidney and that certain other buildings located on said lots were not sought to be declared fire hazards by the State Fire Marshal; that said building is at least 75 years old; that by reason of rotted sills, plates and joists, the building has settled so that walls and floors are out of line; that all outside portions of the wall covered by wood show excessive decay and rotting; that the roof is out of repair; that by reason of the foregoing facts the building is found to be in a dilapidated condition and is especially liable to fire; that said building is within

the fire limits of the City of Sidney, located in a populous portion of the business district and is endangering life, limb and other buildings and property in the vicinity; that the order of the State Fire Marshall is reasonable and should be sustained." The court by decree sustained the order of the plaintiff and ordered defendant to comply therewith.

Defendant does not contend that the building in its present condition is not a fire hazard and is not dangerous to the life and limb of its occupants and surrounding buildings.

Defendant presents two contentions on appeal:

"(1) The court erred in refusing to require the State Fire Marshal to amend the order of condemnation by specifically designating what repairs or alterations could be made upon said premises so as to conform to the reasonable demands of the State Fire Marshal instead of and as an alternative for the demolishment of said premises.

"(2) The court erred in sustaining the order of condemnation providing for the demolishment of said building."

The plaintiff's position is that the order was reasonable and proper, and that in the absence of a showing that there has been an abuse of discretion, the court will not interfere with the order.

It is apparent that the trial court acted on the premise that it was reviewing a finding and determination of an administrative tribunal rather than making an independent determination of facts based on issues presented and applying the law to those issues and facts.

The question then is, what is the nature of the hearing in the district court under the statute here involved?

In State v. Keller, 108 Neb. 742, 189 N. W. 374, 25 A. L. R. 115, we had for determination the question of the constitutionality of a provision of the then existing statute dealing with this general subject matter. In the course of that opinion we said: "In order that the

decision of the fire marshal or a board exercising quasi-judicial authority should be conclusive on the question of whether or not a nuisance exists, a notice and a hearing to the party interested is essential. * * * If this were not true, all property would be at the uncontrolled will of temporary administrative authorities, exercising, not judicial powers, but purely executive powers. * * * The findings of an officer, based on his judgment that a thing constitutes a nuisance, cannot be conclusive when there has been no notice and hearing provided by statute, * * *." That opinion was filed June 12, 1922. In 1925, the Legislature repealed the then existing statutes and enacted the statute here involved. Laws 1925, ch. 183, p. 479.

Section 81-513, R. S. 1943, authorizes the State Fire Marshal to condemn and by order direct the destruction, repair, or alteration of any building or structure which by reason of age, dilapidated condition, defective chimneys, defective electric wiring, gas connections, heating apparatus, or other defect, is so situated as to endanger life or limb or other buildings or property in the vicinity.

Section 81-515, R. S. 1943, provides that the order shall be in writing, shall recite the grounds therefor, shall be filed in the office of the clerk of the district court of the county where the building to be altered, repaired, or demolished is situated, and that all further proceedings for the enforcement of the order shall be had in that court. Section 81-516, R. S. 1943, provides for service.

Section 81-517, R. S. 1943, provides that the owner or lessee may file objections in the form of an answer denying the existence of any of the facts recited in the order which he desires to controvert. It provides for affirmation of the order and directions to enforce by the court in case of a default. Where answer is made, it directs that the court "shall hear and determine the issues so raised and give judgment thereon as herein provided."

Section 81-518, R. S. 1943, provides that "If upon such trial the order shall be sustained, judgment shall be given accordingly, and fixing a time within which the building shall be altered, destroyed or repaired, as the case may be, in compliance with such order, but otherwise the court shall annul and set aside the order of condemnation."

Section 81-519, R. S. 1943, provides that if the owner shall fail to comply with the order, then the State Fire Marshal shall proceed in accordance with the order. It provides for a report to the court of expenses paid and proceeds received, and an examination and allowance of the report by the court. It provides for a method of collection of any balance due above salvage receipts and a payment to the owner if the amount received as salvage exceeds expenses incurred.

It appears clearly from the statutes cited that the investigation and determination of the State Fire Marshal upon which his order is based are ex parte. The first hearing in the nature of a determination of issues is the one had in the district court if the owner of the property elects to challenge that ex parte order. There the owner is entitled to a determination of the issues made by the order and his objections. It is a "trial" of those issues and not a review of the proceedings and order of the State Fire Marshal.

Although the provisions of section 81-518, R. S. 1943, quoted above, when standing alone, might be construed to limit the judgment of the court either to sustain or set aside the order of the State Fire Marshal, yet the statutes when considered in their several provisions do not justify that construction. The legislative policy contemplates that the owner shall have a trial and a determination on the merits in the district court. Although the statute does not so define the proceeding, it appears that the powers conferred upon the court are those which are generally classed as equitable, as distinguished from actions at law.

Accordingly, we hold that the hearing and determination of issues and judgment based thereon provided in section 81-517, R. S. 1943, constitute a trial in equity. Such a holding is consistent with the act and the requirements of due process. See, New Hampshire Fire Ins. Co. v. Murray, 105 F. 2d 212; Foster v. Goodpaster, 290 Ky. 410, 161 S. W. 2d 626, 140 A. L. R. 1044; Crossman v. City of Galveston, 112 Tex. 303, 247 S. W. 810, 26 A. L. R. 1210; State v. Keller, *supra*.

It follows that our review here is by trial de novo as in equity consistent with our established procedures and the legislative policy set out in section 25-1925, R. S. 1943. It follows that plaintiff's contention that the question in the trial court and here is whether or not there has been shown an abuse of discretion on the part of the plaintiff cannot be sustained.

This brings us to defendant's contentions that the trial court erred in refusing to require the plaintiff to amend the order so as to designate specifically what alterations or repairs should be made to the building so as to remove the hazards which the statute condemns, as an alternative to its destruction, and that the court erred in sustaining the order of the plaintiff.

We are not here dealing with the rule that applies in emergency situations. The remedy of total destruction of property under the police power without compensation is a drastic one. The existence of that power is not here challenged. The challenge goes to the necessity. The necessity for the total destruction of the building must clearly appear.

Section 81-513, R. S. 1943, clearly contemplates an order for repair, alteration, or destruction as alternatives. Other sections of the act show the same distinction. When the police power is exerted against property it is ordinarily to regulate its use, not to destroy it. Destruction is a last resort. The applicable rule is that where repairs or alterations can be made lawfully upon a building so as to eliminate the special dangers, arising

from its location and condition, to surrounding property and to persons, such repairs or alterations should be ordered rather than ordering the destruction of the building. York v. Hargadine, 142 Minn. 219, 171 N. W. 773, 3 A. L. R. 1627; State Fire Marshal v. Fitzpatrick, 149 Minn. 203, 183 N. W. 141; State Fire Marshal v. Sherman, 201 Minn. 594, 277 N. W. 249; State ex rel. Brooks v. Cook, 84 Mont. 478, 276 P. 958; Foster v. Goodpaster, *supra;* Smith v. Lippman, 222 Ind. 261, 53 N. E. 2d 157.

The plaintiff had the right, under the alternative provisions of section 81-513, R. S. 1943, to elect to rest his order upon a requirement that the building be destroyed. It follows that the trial court did not err in refusing to require plaintiff to amend the order so as to provide for the alternatives of repair or alteration. However, having rested his order on the premise of the necessity of destruction of the building, plaintiff had the burden of proving that necessity.

This brings us to a review of the evidence as to whether or not it establishes that destruction of the building is the only remedy to meet the requirements of the statute.

The original building was constructed about 1873 in what is now the business district of Sidney. Since that time additions and changes have been made. In the main it is a two-story structure with a partial basement. The building, originally of wood, has some brick veneer and stucco on the sides facing the street and old lumber siding in the rear. The roof is partly of wooden shingles, partly tin, and partly tar paper. The evidence is that there are rotted sills and about ten percent of the floor joists in the first floor are rotted. There are decayed joists and studding elsewhere in the building. There is some unevenness in the floors. At least one chimney is in bad repair. Likewise a part of the foundation on one side has deteriorated so as to require replacement. Plaster is off and laths are loose in places because of leaks in the roof which the evidence indicates have been

repaired. There are two wooden fire escapes and one steel fire escape on the outside. The latter is not adequate because of the absence of a platform and a hand rail, and it is located close to a frame structure. One of the wooden escapes is in good condition; the other is not. The building is occupied as a hotel, with a cafe on the main floor.

Plaintiff's witnesses, particularly the expert witnesses, testify that these defects can be repaired or removed by alterations. They base their conclusion that the building cannot be repaired upon the cost of the repairs in relation to the value of the building, and in particular upon the cost of putting the building in first-class condition, including items not necessary so far as the hazards under the statute are concerned.

There is other evidence which goes to the conclusion of the plaintiff as to the reparability of the building.

In 1943, the plaintiff, then deputy fire marshal, inspected the building and issued an order concerning it as follows: "If this building is to be occupied as above listed the structural conditions makes it necessary that the following corrections be made (1) Place building in good structural repair using fire proof material (2) Have a competent electrician over haul Electric wiring according to National Electric Code. (3) Install fire proof fire escape one on the south west corner and one on the southeast corner of Building. If the above corrections are not made the building must be taken down to eleminate (sic) the fire hazard to both life and property."

It appears that nothing was done by the defendant as a result of that order, nor were statutory steps taken to enforce it. The evidence shows that recognition was given to war conditions then existing. Again in November 1946, the plaintiff, by a deputy, issued a like order. No statutory proceedings were brought to enforce it. Following that, some structural repairs were

made, the building was rewired at a cost of over $1,800, and the one steel fire escape was installed.

The plaintiff and his deputy did not follow up to see what was done under these orders but left it to the local fire chief to determine and report whether or not the order was being obeyed. A witness for defendant testified that following the extensive repairs made after the 1946 order was issued, the local fire chief approved what had been done. That testimony is not denied. Then came the inspection of 1948 upon which the present order is based. The evidence also is that, save for normal depreciation, the building is in no worse condition than it was in 1943 and 1946 when the repair orders were issued. It has been bettered by the repairs made. Testifying for the plaintiff, the deputy who issued the 1946 order stated that because of shortage of materials and his belief that the owner would comply with the order, they "played ball" with him, but now they are through.

The defendant testified that he desired to repair the building to meet the requirements of the law. The cost of those repairs is not an element for consideration or determination of the plaintiff.

The evidence sustains only one conclusion, and that is that the building can be repaired and altered so as to conform to the requirements of the statute.

It follows that the plaintiff has not met the burden of proving that the extreme remedy of destruction of the building is required and that the trial court erred in sustaining the order. Accordingly, the order is annulled and set aside.

However, in view of the conceded condition of the building and the necessity for alterations and repairs in order to comply with the requirements of the statute, we do not direct a dismissal.

The judgment is reversed and the cause remanded with directions to permit the plaintiff, if he so elects, to amend his order so as to set out the repairs and altera-

tions that he deems necessary to meet the requirements of the statute. If the plaintiff so elects, then the defendant, if he so elects, is to be permitted to file his answer and objections, and upon the issues so made a trial de novo is to be had and the issues determined and the remedies followed, according to the procedure herein outlined.

If the plaintiff elects not to amend the order, then the action is to be dismissed at his costs. If he elects to amend, then all costs to that time are to be taxed to the plaintiff and subsequent costs are to abide the result.

REVERSED AND REMANDED WITH DIRECTIONS.