IN RE CONDEMNATION BY THE STATE FIRE MARSHAL OF THE COUNTY JAIL LOCATED IN THE COUNTY COURTHOUSE IN OGALLALA, NEBRASKA. E. C. IVERSON, STATE FIRE MARSHAL, APPELLANT, v. KEITH COUNTY, APPELLEE.

41 N. W. 2d 858

Filed March 23, 1950.   No. 32733.

*Clarence S. Beck*, Attorney General, and *Homer L. Kyle*, for appellant.

*Firmin Q. Feltz*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an appeal from a judgment or decree of the district court for Keith County, Nebraska, sustaining objections of the County of Keith, Nebraska, to an order of E. C. Iverson, State Fire Marshal of the State of Nebraska, condemning and requiring demolition of the county jail of the County of Keith and dismissing the action instituted by the State Fire Marshal. E. C. Iver-

son is appellant and the County of Keith is appellee.

The events which furnished the basis and the background for this action were substantially the following: On or about October 27, 1948, the appellant, by his assistant G. E. Ekstrand, issued an official order to the appellee commanding the proper officials, within 30 days, to make repairs to and correct conditions in the courthouse of the County of Keith in the basement of which is located the county jail. In the order it was substantially asserted that the jail and the courthouse in its existing condition endangered the life of prisoners in the jail and other occupants in the courthouse. By the order the jail was condemned and the officials of the county were commanded to close it.

Whether or not the command to close the jail was ever complied with does not appear in the record. Some but not all of the repairs directed by the order were made.

The appellant took no further steps until May 13, 1949, when through his first assistant an order was issued condemning forthwith the jail. It was ordered immediately closed. No information appears as to the response of appellee to this order.

Next we find on June 17, 1949, the appellant issued an order which contained a finding that the jail was, by reason of its condition, location, construction, and general arrangement, especially dangerous in case of fire or disaster, and was so situated as to endanger life, limb, and property. The command of the order was as follows:

"NOW THEREFORE, by virtue of the authority conferred upon the State Fire Marshal and pursuant to the laws of the State of Nebraska, said jail is hereby condemned and it is ordered that it be demolished and the materials therefrom be removed from the premises within thirty days from the date of the service of this order and notice upon the owners thereof."

The order was filed with the clerk of the district court on June 20, 1949. No question is raised as to service of this or any other order made by the appellant or as to

any procedural step taken by either of the parties to this action.

On June 20, 1949, the appellee filed an answer and objections to the order to close and demolish. On August 3, 1949, an amended answer and objections was filed. The hearing in the district court was based upon the amended answer and objections.

By the first paragraph of the answer the appellee denied the authority of the State Fire Marshal to issue the orders of October 27, 1948, and June 17, 1949, for the reason that there was no finding of the existence of defects as set forth in section 81-513, R. S. 1943, now section 81-513, R. S. Supp., 1949. The second paragraph amounts to a general denial of the factual statements in the orders. The third sets forth the location of the jail; it declares that the jail is in as good condition as could be expected considering the age of the courthouse, that there have been no fires or disasters in the building, that the county has reasonably complied with the order of October 27, 1948, and that the jail is reasonably safe for the confinement of prisoners under the surrounding conditions. The fourth paragraph is a declaration of impossibility to demolish the jail without destruction of the courthouse. The prayer is for annulment of the order of the appellant.

When the cause came on for trial in the district court the appellant through his attorney withdrew the portion of the order requiring demolition as follows: "The position of the State Fire Marshal is that we are not asking that the county jail be demolished and the materials removed, but that it be condemned and its further use as a county jail be prohibited from the date of taking of this order."

In this light and in the light of the substance of the answer and objections the only questions presented are those of whether or not the order of the appellant contained a finding of the existence of defects within the meaning of section 81-513, R. S. Supp., 1949, and whether

or not on the facts an order condemning and prohibiting the use of the premises as a jail was proper.

It will be noted that no question of authority to issue the order is presented if it contains findings of defects within the meaning of section 81-513, R. S. Supp., 1949.

The objection that there is no finding of defects is without merit. The order contains the following: "WHEREAS, the State Fire Marshal upon inspection of the County Jail located in the Keith County Court House, Ogallala; Nebraska, has found and determined that the said jail * * * is by reason of condition, location, construction, and general arrangement, especially dangerous in case of fire or disaster, and is so situated as to endanger life, limb, and property."

The order conformed to the requirements of the statute which requirements are found in section 81-515, R. S. 1943. This section provides that the order shall be in writing and that it shall recite the grounds therefor. It did so state.

In approaching the question of whether or not on the facts the order of the appellant should have been sustained the review here is de novo as in equity. In re Application of Iverson, 151 Neb. 802, 39 N. W. 2d 797. This requires a review of the evidence.

. The Keith County courthouse is an old brick building which was constructed in 1888. It has two stories, an attic, and a basement. Its dimensions are not disclosed. The county jail is located in the west end of the basement. The jail is in two sections and is divided by a hallway extending from the west wall eastward. The north, west, and south walls of the courthouse serve as walls for the jail. Walls for the other sides are constructed within the basement. The north section is apparently lined with some type of composition material. The entrance to this section is by means of a steel door from the hallway. It is locked with a padlock. The south section is in part lined with steel. Inside this section is a steel cage. There is a space of about 18 inches between the cage and

the surrounding walls. There is a steel door from the hallway into the south section and a door in that end of the cage. There is also a door in the south end of the cage. In the wall of the building to the south of the south section is a door. This apparently opens into the areaway between the south wall and the south end of the cage. In practice all but one of these doors are locked with padlocks all of which require different keys. The steel door from the south section to the hallway has what is referred to in the record as a "regular" lock.

The jail may be reached by descending a wooden stairway located about the middle of the courthouse and then proceeding 30 to 50 feet west or by entering the door through the south wall. The door in the wall is however not used. Customary access is by the stairway.

The interior construction of the courthouse is of wood and the floors are oil-soaked and it appears reasonable to say from the evidence without detailing it that the interior condition is such as would lend itself to rapid spread in case of fire in the building.

After October 27, 1948, and before the trial herein an effort was made by the appellee to improve the condition of these premises in the respects under inquiry and it appears that the effort was in a measure successful.

It is the substantial position of the appellant however that notwithstanding this, the jail was still sufficiently a fire hazard when the order was issued to require condemnation of the jail for use as such.

The appellee has shown by its evidence that nothing further may reasonably be done, taking into consideration the age of the building and the cost of alteration and repair, to make the jail any less a fire hazard than it was at the time of the trial.

The concern of the district court at the trial was and of this court on review is therefore with regard to the question of whether or not this jail at the time the order was issued was a potential fire hazard or in the language of the statute (section 81-513, R. S. Supp., 1949) a "build-

ing or structure which by reason of age, dilapidated condition, defective chimneys, defective electric wiring, gas connections, heating apparatus, or other defect, is especially liable to fire and which, in his judgment, is so situated as to endanger life or limb or other buildings or property in the vicinity."

On this question the evidence discloses that the south section of the jail is at least in part lined with fire resistant material or steel. The north section is not. Entrance to the south section may be gained either from the stairway which was mentioned or the south door. Entrance to the north section may be gained the same way except that if it is sought through the south door it becomes necessary to pass through the south section and through the doors on the north side thereof before arriving at the north section. All doors of the jail except one are, as pointed out, locked with padlocks. To pursue this latter course in case of fire would require unlocking the outside door, passage through the section, then releasing the lock at the other side which obviously is on the outside. How this could be done is not apparent.

Of course the avenues of egress are the same as of entrance but the only one readily available from the inside is the stairway. The outside door would not be available even to the custodian of the jail from the inside.

In case a fire should start in the building which would prevent entrance or exit through the stairway the only recourse would be entrance through the south door by use of a key and then the unlocking of the other doors mentioned if under the conditions this could be accomplished. Whether this could be done or not would depend of course upon the severity of the fire or smoke resulting from the fire.

The evidence indicates that in reasonable probability a fire sufficient to prevent entrance through the stairway would also be sufficient to prevent any more than an opening of the south door and the door at that side of the

south section of the jail. It would not allow an approach to the other section.

Such a situation might bring about the escape of prisoners from the south section but not so for those in the north section. The north section would be a trap.

The use and occupancy of these premises as a jail under the evidence presents a constant danger to the inmates thereof, and in equity and good conscience and in the due regard which the public officials and the citizens of an enlightened community ought to have for human life they should not be employed for such purposes. They were rightfully condemned by the State Fire Marshal.

The judgment or decree of the district court, the effect of which has been to vacate and render for naught the order of condemnation made by the State Fire Marshal, is vacated and set aside and the court is directed to enter judgment sustaining the order of condemnation of the premises in question for use as a jail.

REVERSED WITH DIRECTIONS.