STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE, V. MERRITT BROTHERS SAND AND GRAVEL COMPANY, A CORPORATION, ET AL., APPELLANTS.

144 N. W. 2d 180

Filed July 22, 1966. No. 36216.

Ginsburg, Rosenberg, Ginsburg & Krivosha, for appellants.

Clarence A. H. Meyer, Attorney General, Harold S. Salter, and Warren D. Lichty, Jr., for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and MURPHY, District Judge.

MURPHY, District Judge.

This is an action in which plaintiff seeks to enjoin

defendants from using a certain tract of land described in the pleadings by metes and bounds (hereinafter referred to as the tract of land) for any purposes inconsistent with or in excess of their easement rights therein, to enjoin the defendants from interfering with plaintiff in taking a survey of the tract of land, and for a determination that plaintiff has a right to construct a fence upon the boundary so found but in such a manner as not to interfere with defendants' easement. Defendants, in their answer and cross-petition, seek not only to have plaintiff's petition dismissed, but also affirmative relief in the nature of an injunction prohibiting plaintiff from constructing a fence, entering on defendants' property, or molesting defendants in the use or enjoyment of their property.

The trial court, by its judgment, found that plaintiff was the owner of the fee simple title to the tract of land, and that defendants, or some of them, held certain easement rights therein; and generally granted the relief prayed for by plaintiff. Defendants having appealed, the matter is now here for review. Actions in equity, on appeal to this court, are triable de novo without reference to the findings of the trial court, subject, however, to the rule that when credible evidence on material questions of fact is in irreconcilable conflict, this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the opposite. Foos v. Reuter, *ante* p. 301, 142 N. W. 2d 552; Town of Everett v. Teigeler, 162 Neb. 769, 77 N. W. 2d 467.

There is but little dispute between the parties upon the physical facts or historical background; their primary areas of disagreement concern the current use being made of the tract and the proper application of the law to the situation in which they now find themselves. While in the course of this litigation other issues have been determined, we here concern ourselves only

with those issues discussed in the parties' briefs and essential to this decision. Particularly, we make no determination as to the nature of plaintiff's title. We do, however, notice applicable statutes, although they may not have been referred to in the briefs.

U. S. Highway Nos. 73-75 in Cass County, Nebraska, is a part of the state highway system. The corporate defendants own certain lands just south of the Platte River in Cass County adjacent to that highway right-of-way, the common boundary being on the west of defendants' lands. On January 20, 1934, in the course of certain condemnation proceedings between the parties to the contract, a contract was entered into with relation to the tract of land wherein, among other things, it was agreed that: "The party of the second part (Department of Roads and Irrigation of the State of Nebraska) also grants an easement to the party of the first part (the D. H. Merritt Estate) to build and maintain a fence at the expense of the party of the first part within a distance of 30 to 46 feet East of the centerline of the new highway and to permit party of the first part to plant and maintain shrub and tree screen at the expense of the party of the first part East of the above described fence, limiting the height of said trees sufficiently to retain 1,000 foot sight distance on the highway."

Plaintiff and the corporate defendants here are the successors in interest to the respective parties to that contract. The easement granted in that contract is the subject matter of this litigation. The individual defendants here are the principal stockholders and active managers of defendant corporations. The existence and validity of the easement are not disputed.

An action was brought in the district court for Cass County, Nebraska, by the corporate defendants here against the plaintiff here, concerning the easement granted in the above referred to 1934 contract. By judgment rendered therein March 5, 1964, which judgment has been permitted to become final, it was determined, in

substance: That the corporate defendants here were the owners of the easement and the benefits to be derived therefrom, which easement was in full force and effect; that plaintiff here should be permanently enjoined from interfering with or disturbing said easement and the rights arising therefrom, or from removing or interfering with the then existing fence and tree and shrub screen, except by a proper exercise of the power of eminent domain; and that the judgment should not be deemed to authorize any use of said easement inconsistent with, or in excess of, the rights established and granted by the terms of said easement and such rights as may be reasonably incidental or necessary to the reasonable and proper enjoyment of said easement, as established by the contract. The judgment contains a special finding that the grant of the easement did not carry with it any "right to use said property for any uses or purposes other than as set forth in said contract of January 20, 1934, and such rights as are reasonably incidental or necessary for the reasonable and proper enjoyment thereof."

Plaintiff, in its brief, acknowledges that it is not here endeavoring to exercise its police power, but is only exercising its general rights of ownership of the right-of-way. We take it, then, that plaintiff appears here in its proprietary (as distinguished from governmental) capacity. The activities of which plaintiff complains in no manner interfere with the use of the right-of-way for highway purposes. The State may hold property in a dual capacity, proprietary and governmental. To the extent it functions in its proprietary capacity, it is subject to the same laws as its citizens. Stoller v. State, 171 Neb. 93, 105 N. W. 2d 852; 81 C. J. S., States, § 104, p. 1075.

The total area of the tract is 8.16 acres. A fence and shrub and tree screen have been placed thereon by defendants in accordance with the contract above referred to. The area of ground occupied by defendants is not

clearly shown, but is greatly in excess of the tract of land, and includes three lakes or sand pits. Defendants' principal business presently conducted upon the tract is the operation of what is known as Merritt Beach, a recreation facility to which the public is invited and admitted upon the payment of an admission fee. This business has existed since 1932. The principal facilities provided are for picnicking and swimming. Concession stands are maintained. Fishing is permitted. This business is conducted from around the first of May each year until the following Labor Day. The only entry to defendants' grounds for vehicular traffic is by way of a gate where the admission fees are collected. Entry can be gained by individuals by climbing the fence.

The foregoing facts are either admitted by the parties, or appear from the record without dispute. The following facts are disputed, but we find that they do exist, based upon our own examination of the record.

Some time shortly after the entry of the 1964 judgment, defendants, in order to prevent their customers from going upon the tract, installed what is referred to as a barrier curb generally along the boundary between defendants' property and the highway right-of-way. This is a series of precast concrete forms, shaped somewhat similar to logs, commonly used to enclose parking lots. While these forms are not permanent fixtures, they are difficult to move. The south end of the curb is upon defendants' property. It runs to the vicinity of the boundary and north generally along the boundary to the vicinity of a lake, where it extends onto the tract. The curb, at its north and south ends, is so positioned with relation to natural terrain features that the entire curb functions to effectively prohibit the passage of vehicular traffic, except only for a passageway left open toward the north. This pasage is used to a sufficient extent that there is a visible trail in the area. It is used daily by defendants' agents and employees who mow and maintain the tract, and remove refuse

principally from the tract but also from defendants' adjacent grounds. It is occasionally used by defendants' customers who from time to time, neither with defendants' consent, nor contrary to defendants' prohibition, park their cars upon the tract. The barrier curb does not prevent the passage of persons afoot. Occasionally defendants' customers carry picnic tables, provided by defendants in the course of their business, across the barrier curb to the west onto the tract of land. Defendants return these tables, to the east of the barrier curb, usually the same day. Likewise, but less often, an occasional fisherman will wander upon the tract, and while there will cast his line into one of the lakes which appear to be principally within defendants' boundaries, but also appear to extend into the highway right-of-way. No fish were observed to have been caught by any such fisherman. Within the tract defendants maintain several trash receptacles. These activities, parking, picnicking, fishing, trash removal, and weed mowing, occurred prior to the 1964 judgment as well as after. The record is unclear, but a reasonable inference is that the installation of the barrier curb reduced the extent thereof. The volume of such activities within the tract are greatly exceeded by those without.

In 1952 defendants permanently installed two rows of ornamental, cast iron light poles, of about four poles each. The western most of these poles is within the tract. One other may be.

Plaintiff, on May 27, 1964, attempted to survey the boundary, but was effectively prevented from doing so by one of the defendants, Gerald Merritt. There now remains in existence at least one boundary marker permanently installed at the time of an earlier survey.

It is the contention of plaintiff that these activities—picnicking and fishing by defendants' customers, vehicular traffic, mowing of weeds, daily removal of trash, and maintenance of one or two light poles—constitute encroachments or wrongful uses by defendants which

ought to be prohibited. It is plaintiff's further contention that, as an owner, it is entitled to survey, and erect a fence upon, the boundary line provided that it installs gates to permit defendants to pass through and maintain their fence and shrub and tree screen.

"The rights-of-way acquired by the (Department of Roads) shall be held inviolate for state highway and departmental purposes and no physical or functional encroachments, structures, or uses shall be permitted within such right-of-way limits, except by written consent of the department." § 39-1359, R. R. S. 1943.

"All statutes in pari materia must be considered together and construed as if they were one law, and, if possible, effect given to each provision." City of Grand Island v. Ehlers, ante p. 331, 142 N. W. 2d 770. See, also, Mary Lanning Memorial Hospital v. Clay County, 170 Neb. 61, 101 N. W. 2d 510.

It becomes necessary to examine defendants' rights not only under the easement, but also as abutting landowners and as members of the general public, with a view toward statutory law.

A landowner whose property abuts upon a highway right-of-way may have rights in such right-of-way different in kind from, and greater than, the rights of the public generally, and at least has the same rights. Wells v. Miller, 173 Neb. 780, 115 N. W. 2d 137 (cited in the briefs as 172 Neb. 70); Painter v. State, 177 Neb. 905, 131 N. W. 2d 587; Hillerege v. City of Scottsbluff, 164 Neb. 560, 83 N. W. 2d 76.

The defendants have an easement to maintain the fence. "A fence is an enclosing structure, composed of any material which will present a sufficient obstruction, about a field or other space, intended to prevent intrusion from without or straying from within." 36A C. J. S., Fences, § 1, p. 258. See, also, Shamberg v. City of Lincoln, 174 Neb. 146, 116 N. W. 2d 18. The parties refer us to no cases upon the subject, and we find none. We are of the opinion, however, unless a contrary intent

appears, that an easement granted by one landowner to a second adjoining landowner to construct and maintain a fence upon the land of the first landowner carries with it the incidental right of free and unobstructed passage onto and over the grounds thereby enclosed; for the principal effect, at least, of such an easement is to permit the erection of an obstruction to such passage at a location other than where it could otherwise have been erected. Here there is no evidence that defendants have disturbed the soil other than with relation to planting or maintaining the shrub and tree screen.

While the parties here argue the issue of free ingress and egress from a public highway by an abutting property owner, we feel the matter is not properly before this court. The issue was not raised in the pleadings or by the evidence, and was not determined by the district court. Questions not presented to or passed on by the trial court will not be considered on appeal. Dunbier v. Rafert, 170 Neb. 570, 103 N. W. 2d 814.

Defendants are occupants of that part of the tract enclosed within the fence, and as such have a statutory right to continue to use, in the presently existing condition, the one or two ornamental light poles thereon. § 39-1332, R. R. S. 1943. There is no evidence that plaintiff has determined that the safety and general welfare of the public would be better served by defendants applying for a written permit therefor. Although the issue is not here presented, it may well be said that such a determination, in light of this evidence, would appear to be arbitrary. Defendants have a further statutory right to designate locations, and provide receptacles, within that part of the tract, for the deposit of rubbish, trash, refuse, and debris, to promote safety, cleanliness, or highway beautification, at least so long as they do not thereby interfere with the use of the right-of-way for highway purposes. § 39-713, R. R. S. 1943. Highway beautification is a highway purpose. § 39-1320 (2)(f), R. S. Supp., 1965.

Subject to certain restrictions not here material, it is lawful to camp upon a highway right-of-way, at least if by doing so the use of the right-of-way for road purposes is not disturbed. In this regard, to camp includes to build a fire and prepare or partake of a meal, or to maintain a rendezvous or meeting place. §§ 39-708 to 39-712, R. R. S. 1943. We fail to see how it can be said that the granting of the easement by the plaintiff should be construed to confer upon the plaintiff the right to enjoin or prohibit such activities. Whether or not the easement confers upon the corporate defendants the right to prohibit picnicking, we need not decide. We do determine, however, that the occasional picnicking, and less occasional fishing, that have occurred are an incidental result of defendants' commercial enterprise and do not constitute an encroachment or wrongful use by defendants upon or of plaintiff's right-of-way. Defendants have not commercially exploited their easement; on the contrary, they have taken reasonable steps to discourage the activities complained of by plaintiff. When plaintiff first had notice of such activities does not appear. We do observe, however, that it was sometime prior to the litigation resulting in the above-mentioned judgment of 1964. When the easement was granted in 1934 the commercial enterprise then conducted on the dominant tenement was the same as now. Plaintiff made no complaint until just before the filing of this action. Parking a motor vehicle upon a highway right-of-way, but not on the main-traveled portion thereof, is not unlawful. § 39-757, R. R. S. 1943.

The statute of limitations does not run against the public. That a highway right-of-way has not been used to its full width, and that some portion of it has been enclosed or occupied by a private individual for a period in excess of the statute of limitations, does not vest that individual with any title thereto, as title by prescription cannot be obtained to all or any part thereof. Taylor v. Austin, 83 Neb. 581, 119 N. W. 1123; Donovan v. Union

P. R.R. Co., 104 Neb. 364, 177 N. W. 159; Barrett v. Hand, 158 Neb. 273, 63 N. W. 2d 185; § 39-1404, R. R. S. 1943.

Nevertheless, the conduct of these parties is material in determination of their mutual rights and obligations. Plaintiff could have obtained an adjudication in the prior action, but did not seek it. We are not now willing to determine that any or all of the activities or cases of which plaintiff now complains, to the extent and in the manner shown, constitute encroachments or wrongful uses which ought to be prohibited. An injunction will not lie if the right thereto is unclear, or the damage complained of nonexistent. Aro Inv. Co. v. City of Omaha, 179 Neb. 569, 139 N. W. 2d 349; Armbruster v. Stanton-Pilger Drainage District, 169 Neb. 594, 100 N. W. 2d 781.

Plaintiff also seeks assistance in making a survey of the boundary. The Department of Roads has statutory authority to enter upon any property to make surveys in contemplation of locating roads, acquiring land or property, or performing other operations incident to highway construction, reconstruction, or maintenance. § 39-1324, R. R. S. 1943. The right of entry is not absolute. Plaintiff has neither alleged nor proved any of the required purposes.

In an action to have established or determined the corners or boundaries of land which are lost, destroyed, or in dispute, if any public road is likely to be affected thereby, it is required that the appropriate county be made a party. The County of Cass is not a party here. The assistance ought not have been granted.

Finally, plaintiff asks that it be found to have a right to construct a fence upon the boundary. What has already been said concerning defendants' right to free and unobstructed passage should be conclusive of this issue. It may further be said, however, that the fact that a proposed fence would serve no useful purpose to promote the convenience or welfare of the party proposing to erect it is a factor to be considered by a court of equity whose

assistance is sought in the erection thereof. Bush v. Mockett, 95 Neb. 552, 145 N. W. 1001, 52 L. R. A. N. S. 736. In this instance, no useful purpose for the proposed fence exists. The relief ought not have been granted.

Much ado is made in the briefs of defendants' "right" to mow the grass and weeds enclosed by the existing fence. We fail to see how plaintiff, in either its proprietary or governmental capacity, is damaged by defendants, or anyone else, mowing upon a highway right-of-way; nor is it made clear why a court of equity should become involved in such an issue.

We fail to see how plaintiff is entitled to any relief under these circumstances. The relief sought by defendants, to the extent it may be granted, has already been granted in the March 1964, judgment. We reverse the judgment of the district court and remand the cause with directions to dismiss both the petition and cross-petition, all at plaintiff's costs.

REVERSED AND REMANDED WITH DIRECTIONS.