IN RE CONDEMNATION BY THE STATE FIRE MARSHAL OF BUILDING LOCATED ON LOTS 985, 986, 987 AND PART OF LOT 988, ORIGINAL TOWN OF DORCHESTER, SALINE COUNTY, NEBRASKA.
STATE FIRE MARSHAL OF THE STATE OF NEBRASKA, APPELLEE, v. VILLAGE OF DORCHESTER ET AL., APPELLEES, J. FRANK LONGNECKER ET AL., INTERVENERS-APPELLANTS.
180 N. W. 2d 919

Filed November 13, 1970. No. 37497.

Clarence C. Kunc, for interveners-appellants.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee State Fire Marshal.

Bernard J. Ach, for appellees Village of Dorchester et al.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is an action by the State Fire Marshal for the condemnation of a building located on Lots 985, 986, 987, and a part of 988 in Dorchester, Nebraska, which because of its dilapidated condition, has become a fire hazard and otherwise unsafe for life and property in its immediate vicinity. After a trial, the district court sustained the order of the State Fire Marshal and the owner of the building, the Village of Dorchester, was given 30 days to demolish the building or, in the alternative, to make the corrections and repairs required by the order of the State Fire Marshal, otherwise the latter was to proceed immediately thereafter to enforce his aforementioned order. An appeal was taken from the order of the district court by interveners claiming an interest in the property.

The evidence shows that the lots and buildings here involved were owned, according to the record title, by the Village of Dorchester, the village having purchased them at tax sale in 1963. Frank and Alice Longnecker were occupants of an apartment on the second floor of the building and claimed an interest in the property under an option agreement which had expired. They

intervened in this action and are the appellants on this appeal.

The proceeding was commenced by the issuance of an order by the State Fire Marshal, pursuant to section 81-513, R. R. S. 1943, to demolish the building or make the following corrections or repairs: "(1) Provide a foundation of sufficient size and strength to support the building, foundation shall be constructed of either poured concrete or solid brick masonry laid in Portland Cement Mortar. The foundation shall be placed in good firm soil. (2) Replace all rotted and deteriorated materials in the building such as rotted sills, rotted floor joists, rotted floors, rotted studdings, rotted doors and window frames, rotted ceiling rafters, rotted roof and replace all broken window glass. (3) Rewire the building to meet the Nebraska and the National Electrical Code. (4) Check and repair all loose bricks and repair the cracks that are showing in the outside walls and chimneys. (5) This building shall be cleaned of all combustible materials. (6) Lots shall be cleared of all debris and weeds." The building was neither demolished nor repaired and enforcement was sought in the district court.

The building involved is described as two 2-story store buildings and a newer and smaller building. One of the 2-story buildings was erected in 1882, the other in 1883. The 1-story building was erected within the last 4 or 5 years. The 2-story buildings stood side by side and appear to have been used as a single building. The outside walls were of brick with frame construction on the interior. The 1-story building was built on as an addition, was 10 feet high, and constructed of cement blocks. The latter building was never completed; it had no permanent roof other than rafters, at least one of which had become seriously damaged. For all practical purposes there was but a single building with a common use.

The evidence shows that the basements of the 2-story

buildings had suffered some damage from water. There was no evidence indicating that new foundations were necessary although some repairs were needed. The brick walls contained large cracks and the mortar between the bricks had sloughed away. Most of the windows were broken out and the large store windows had been sealed up with concrete blocks. Great deterioration had occurred in the floor joists, rafters, and window sills. Window casings had rotted out in many instances. The roof leaked badly and contributed greatly to the interior deterioration. The electric wiring was inadequate and a fire hazard.

The building was used primarily for storage of old printing equipment. The intervener testified that he constructed the 1-story portion under the belief that the heavy printing equipment would be moved there when he thought he had a part of the 2-story building sold during his previous period of ownership. In addition to its storage use, the 2-story portion contained much combustible waste materials which were conducive to fire.

The interveners lived in an apartment on the second floor of the old building. Frank Longnecker was 80 years of age and his wife was 77 years old and an invalid. One means of entrance existed. A second stairway had collapsed and was nonusable. The only other means of exit was through windows to the roof, then to the ground. Two coal or cob-burning stoves were used in this apartment. The evidence indicates that the apartment was a fire hazard although Frank Longnecker indicated that they were willing to assume this risk.

There was much debris around the building, including slabs of cement formerly used as steps into the building, loose brick, etc. Two sides of the building were barricaded to guard against falling debris such as bricks, glass, and window frames. Weeds and other debris have accumulated on the lots about the building.

Several photographs were offered in evidence that

were taken on the day of the trial. They are rather convincing of the dilapidated condition of this building as viewed from the outside. The testimony of the intervener, Frank Longnecker, indicates that the building is unsafe and a fire hazard. His father had been the owner of the building many years previously and his testimony appears to be based on sentiment and nostalgia rather than about the precise issues of this case.

The evidence shows that the building was in a dilapidated condition, was unsafe, and a fire hazard within the meaning of section 81-513, R. R. S. 1943. Through the passage of time and the failure to repair the building has become so dilapidated that it is no longer usable for the purpose intended. Although the evidence indicates that it would be too costly to make the necessary repairs, it is the province of the owner to do so if the owner chooses. The record title to the premises is in the Village of Dorchester which has not appealed from the order of the district court. The interveners are occupants of the building claiming an interest in the property. By intervening in the action they have submitted themselves to the jurisdiction of the court and are in no position to claim want of notice. The claimed interest of interveners in the building is not made clear but, in any event, such issues are not material under the issues of this case.

The order issued by the State Fire Marshal is in writing, states the findings of that officer, and directs the repair of the building or its demolition. It is in conformity with section 81-515, R. R. S. 1943. Iverson v. Keith County, 152 Neb. 565, 41 N. W. 2d 858. We think the evidence is sufficient to sustain the order of the State Fire Marshal with one exception. Provision (1) of the list of repairs required by the State Fire Marshal's order, hereinbefore quoted, appears to require the construction of a new foundation for the building. The evidence does not support this portion of the order. We think this portion of the trial court's decree

should be modified to require that the foundation to the building be placed in such state of repair as to afford adequate strength and support for the building in accord with the commonly accepted practices of the building construction trade. Iverson v. Keedick, 151 Neb. 802, 39 N. W. 2d 797. With this modification of the order of the trial court, the judgment is affirmed.

AFFIRMED AS MODIFIED.