BILL FORD, APPELLANT, v. COUNTY OF PERKINS ET AL.,
APPELLEES.
207 N. W. 2d 694

Filed June 1, 1973.  No. 38811.

Padley & Dudden, for appellant.

Frederick E. Wanek, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This is an action for an injunction.  Plaintiff-appellant obtained a temporary restraining order concerning a letting on July 17, 1972, of a contract for the construction of 2 miles of paved road near Elsie, Nebraska. The county conceded the invalidity of its notice and published a new one, calling for a letting on August 11, 1972.  Appellant was then permitted to amend his petition to cover the new letting.  The injunction as to the July 17th letting was made permanent, but the petition was denied as to the subsequent letting of August 11th.  We affirm.

In February 1972, the board of commissioners of Perkins county, after due notice and hearing, adopted a 6-year county highway program and an annual county highway program.  The plan included 2 miles of asphalt road to be constructed with federal aid.  The county was advised that time did not permit a sufficient review by state and federal authorities to bring the construction within the 1972 road program.  The board then

requested permission of the State Board of Public Roads Classifications and Standards to amend the plan. Permission was granted and the board proceeded to publish notice, soliciting bids. This action resulted.

The 2 miles of substituted road covered by the amendment granted by the State Board of Public Roads Classifications and Standards and included in the July 17 and August 11, 1972, notices were not included in the annual road plan, and had lesser priorities than other roads included in the 6-year plan. Appellant complains that no notice was ever given concerning the meeting which modified the original priorities with reference to construction, so that the people in the community had no opportunity to voice their opinions as to the advisability as to the change.

Appellant sets out four assignments of error, as follows: "1. The judgment of the Court is contrary to law. 2. The judgment of the Court is contrary to the evidence. 3. The Court erred in refusing to enjoin the Defendants from entering into a contract for road improvement without having given public notice of their action modifying the classification and the priorities as to road building and without giving notice as to their action with reference to advertising for a letting on the construction. 4. The Court erred in refusing to enjoin the County and the County Commissioners, Appellees herein, with reference to road construction, the contract for which violates the rule with reference to abuse of discretion."

The only propositions of law set out by appellant are sections 84-1401, 84-1402, and 84-1405, R. R. S. 1943. Appellant's amended petition, however, restricted his allegations to violations of sections 73-101 to 73-105, R. R. S. 1943; section 23-916, R. R. S. 1943; section 39-1503, R. S. Supp., 1972; and sections 39-2105 to 39-2124, R. S. Supp., 1972.

As is apparent from appellant's propositions of law, the thrust of his appeal concerns violations of the public

meeting law. §§ 84-1401, 84-1402, and 84-1405, R. S. Supp., 1972. Unfortunately for appellant's appeal, these sections of the statute were not included in the amendment to his petition in the trial court. They are mentioned for the first time in his motion for a new trial. This issue was not raised in the pleadings or by the evidence, and was not determined by the District Court. Questions not presented to or passed on by the trial court will not be considered on appeal. State v. Merritt Brothers Sand & Gravel Co. (1966), 180 Neb. 660, 144 N. W. 2d 180. The time to have raised this issue was at the trial, not on a motion for a new trial nor in this court. An appeal to the Supreme Court will be treated and disposed of upon the theory presented by the parties upon the trial if a liberal construction of the pleadings, as construed by them, will permit the same to be done. Andrews v. Wilkie (1967), 181 Neb. 398, 148 N. W. 2d 924.

For the reasons given, the judgment herein is affirmed.

AFFIRMED.