IN RE CONDEMNATION BY THE STATE FIRE MARSHAL OF
BUILDING LOCATED ON LOTS 7, 8, 9, BLOCK 24,
GARDNER'S ADDITION, GERING, NEBRASKA: CONRAD
SCHANEMAN, JR., AND DORIS E. SCHANEMAN, ROUTE 1,
MINATARE, NEBRASKA, OWNERS. STATE FIRE MARSHAL
OF THE STATE OF NEBRASKA, APPELLEE, V. CONRAD
SCHANEMAN, JR., AND DORIS E. SCHANEMAN,
APPELLANTS.

279 N. W. 2d 101

Filed May 15, 1979. No. 42047.

Winner, Nichols and Meister, for appellants.

Paul L. Douglas, Attorney General, and C. C. Sheldon, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

CLINTON, J.

Defendants, the Schanemans, owners of an apartment building in the city of Gering, Nebraska, have appealed from a judgment of the District Court for Scotts Bluff County affirming an order of the State Fire Marshal made pursuant to the provisions of section 81-513, R. R. S. 1943, directing the demolition of the building.

The owners make and argue the following assignments of error: (1) The evidence is insufficient to support the demolition order. (2) An order of the State Fire Marshal directing the premises be vacated within 72 hours of service of the order was void because the statutes do not give the State Fire Marshal authority to make such an order. (3) The order for demolition was void because it did not have attached thereto an engineer, contractor, or architect's certificate claimed to be required by the provisions of section 81-513, R. R. S. 1943. (4) Sections 81-501.01 through 81-541, R. R. S. 1943, are unconstitutional. We affirm.

We discuss the assignments in reverse order. The issue of constitutionality of the statute was neither pleaded nor raised in any other manner in the District Court. The applicable rule is that for a question of constitutionality of a statute to be considered in this court, it must be properly raised in the trial court or it will be deemed waived. State v. McConnell, 201 Neb. 84, 266 N. W. 2d 219.

The owners' third assignment is premised on the following provision of section 81-513, R. R. S. 1943: "Before he [the State Fire Marshal] . . . orders the destruction . . . of any building . . . for any other cause than fire prevention, he shall be required to obtain a written report from a building contractor, licensed architect, or licensed engineer stating the

condition of the building and the reason why such building . . . should be . . . destroyed . . . ." The plain language of the statute shows the certificate of the building contractor, licensed architect, or licensed engineer is required only where the reason for the order is a cause other "than fire prevention." The record and the order itself disclose in this case the reason for the order was fire prevention. The certificate provision of the statute is not applicable.

As to the second assignment, the owners are precluded from raising in this court the issue of the authority of the State Fire Marshal to issue the order for vacation and nonoccupancy because they have waived the right by stipulation, did not challenge that order in the trial in the District Court, and acquiesced in that order. Questions not presented to or passed upon by the trial court will not be considered on appeal. Ford v. County of Perkins, 190 Neb. 304, 207 N. W. 2d 694.

At this point we summarize pertinent portions of the proceedings in the District Court and the evidence insofar as they are pertinent to the above assignment and the claim of insufficiency of the evidence to support the judgment. The order of the State Fire Marshal was made on January 16, 1976, pursuant to the provisions of section 81-513, R. R. S. 1943, and the order listed 29 specific conditions or defects in the building which the State Fire Marshal claimed necessitated either specific repairs or the destruction of the building so that it did not present a hazard to life, limb, and property. The order alleged that because of the dilapidated condition of the building it was especially liable to fire. The order was filed with the clerk of the District Court pursuant to the provisions of section 81-517, R. R. S. 1943. The owners filed objections and answer through their attorney on January 19, 1976, together with a motion which questioned the authority of the State Fire Marshal to order the building evacuated

until repairs were made. Later, the owners filed another motion in which they asked that the order be made more specific and certain.

Thereafter, the owners and the State Fire Marshal consented to the entry of an order by the court which provided, among other things: (1) Clarification of the State Fire Marshal's specification of defects and hazards described in the order; and (2) the owners would, within 30 days after clarification, given written notice that they intended to effect repairs before occupation of the building, would do nothing, or would sell the building subject to the requirements of the order. In the event of election to repair, the order provided that all repairs, except electrical repairs, would be accomplished in 6 months and all repairs, including electrical, within 1 year. Both parties reserved rights to have the matter heard on the merits.

Later, the parties entered into a stipulation which, among other things, provided that pursuant to the provisions of the above-mentioned consent order: "Schaneman hereby gives notice . . . that they intend to effect repairs to the building to comply with the requested repairs before occupancy," and further agreed all repairs would be completed not later than July 1, 1977. To this time the Schanemans had been represented by counsel throughout. The record shows they then dismissed their counsel. They did not thereafter make the repairs in accordance with the stipulation, and the State Fire Marshal, pursuant to the provisions of the order, called for a hearing on the merits and the matter was tried. Mr. Schaneman appeared at the trial pro se. Evidence was offered by the State Fire Marshal and none by Schaneman. The trial judge made a personal inspection of the premises. On January 27, 1978, the court found that 20 of the deficiencies listed in the order of the State Fire Marshal still existed on the premises and entered an order directing the

building be demolished at the owners' cost.

Witnesses for the State Fire Marshal were a deputy state fire marshal, an officer of the Gering police department, and the building inspector of the city of Gering. Each of them had been in the building at various times in the year 1977 in connection with their official duties. The substance of their collective testimony was that the deficiencies noted in the order of the State Fire Marshal were largely uncorrected; the building was in a dilapidated condition; it constituted a fire hazard and was unfit for habitation unless repairs were made; and the condition of the building had in fact deteriorated since the date of the State Fire Marshal's order. The testimony of the deputy state fire marshal described the 29 defects so that the judge, when he made his personal inspection during trial, would be able to make his own judgment as to what defects existed and what portion of the order had not been complied with. As noted, the court after the inspection found that 20 of the specified items had not been remedied.

The owners complain that the qualifications of the witnesses to express their opinions that the building constituted a fire hazard had not been properly laid. However, no objections to foundation or qualifications were made by the owners. Such objections were therefore waived and the evidence was properly considered by the trial judge.

The owners cite In re Application of Iverson, 151 Neb. 802, 39 N. W. 2d 797, as follows: "We are not here dealing with the rule that applies in emergency situations. The remedy of total destruction of property under the police power without compensation is a drastic one. The existence of that power is not here challenged. The challenge goes to the necessity. The necessity for the total destruction of the building must clearly appear.

"Section 81-513, R. S. 1943, clearly contemplates an order for repair, alteration, or destruction as al-

ternatives. Other sections of the act show the same distinction. When the police power is exerted against property it is ordinarily to regulate its use, not to destroy it. Destruction is a last resort. The applicable rule is that where repairs or alterations can be made lawfully upon a building so as to eliminate the special dangers, arising from its location and condition, to surrounding property and to persons, such repairs or alterations should be ordered rather than ordering the destruction of the building.'' The owners point out there was no evidence the building could not be lawfully repaired so as to be habitable and not constitute an unreasonable fire hazard endangering life, limb, and other property in the vicinity and argue therefore that under the principle of In re Application of Iverson, *supra*, the court was not authorized to enter the order. This contention, however, overlooks the fact that the owners stipulated they would make an election either (1) to repair, (2) to do nothing, or (3) to sell, subject to the State Fire Marshal's existing order to either repair or demolish. The record shows the owners exercised their option to repair and stipulated they would make the repairs by July 1, 1977. The record further shows they did not make the repairs in any substantial degree. They presented no evidence as to why they had not done so. The record supports the inference that they had made no contractual or other arrangements to have the work done, they had no bona fide intention of complying with the order, and they were using the legal proceedings to bargain for modification.

The owners were bound by their stipulation and election to repair. Section 81-513, R. R. S. 1943, authorizes the State Fire Marshal, under the conditions described in the statute, to direct repair or demolition. In re Application of Iverson, *supra*, stands for the proposition that destruction may not be ordered when repairs are feasible. It does not, how-

ever, hold that an owner may avoid the alternative of demolition by refusing or neglecting to make the ordered repairs. We hold that under the provisions of section 81-513, R. R. S. 1943, if an owner agrees to make repairs and then neglects or refuses to do so, demolition may be ordered. This is the interpretation placed upon section 81-513, R. R. S. 1943, by this court in State Fire Marshal v. Village of Dorchester, 186 Neb. 94, 180 N. W. 2d 919, where we said: "Where the evidence does not affirmatively show that a building is beyond reasonable repair, the order of the State Fire Marshal should be in the alternative, to wit, to make needed specified repairs within a fixed period of time, or, upon failure to so do, to direct the demolition of the building."

In re Application of Iverson, *supra*, requires that the District Court, under the provisions of section 81-517, R. R. S. 1943, try the case as in equity. The trial court in this case announced it was going to do so and the record shows that is what it did. Review in this court is also de novo under the mandate of Iverson.

The trial court viewed the premises. If the trial court views the premises, it is required to consider any competent and relevant facts revealed thereby; and, similarly, a duty is imposed on this court, on review of the findings made by the trial court, to give consideration to the fact that the trial court did view the premises. Webb v. Lambley, 181 Neb. 385, 148 N. W. 2d 835. The record clearly contains competent evidence which supports the findings.

AFFIRMED.